IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

JERRY A. BRABAZON
individually and on behalf
of all others similarly situated,

                       Plaintiff,

vs.

AURORA HEALTH CARE, INC.

                       Defendant.

Case No. 10-C-0714

**PLAINTIFF'S REPLY BRIEF IN SUPPORT OF MOTION FOR CONDITIONAL CLASS CERTIFICATION AND COURT FACILITATED NOTICE**

## INTRODUCTION

Plaintiff and opt-in Plaintiffs allege that Defendant maintains a common policy of automatically deducting thirty minutes of pay from the wages of every Aurora security officer for each shift worked, despite the fact that some or all of the deducted meal periods were compensable work time. Defendant does not contest that 1) Named and opt-in Plaintiffs perform similar job duties 2) that Named and opt-in Plaintiffs were all commonly subject to Defendant's uniform automatic meal break deduction policy or 3) that Named and opt-in Plaintiffs were subject to a common policy which requires them to monitor communication devices and to be ready and available to respond to emergency calls **immediately.**

These undisputed allegations alone are sufficient to meet the lenient conditional certification standard as they demonstrate that the putative class was subject to Defendant's common policy and practice. Rather than addressing the issue of whether the putative class is similarly situated, Defendant focused its arguments on the merits of the case. In so doing, Defendant has implied that this Court must determine the ultimate legal question in this case in order for it to decide Plaintiff's motion for Conditional Class Certification. This is not so.

A motion for Conditional Class Certification is not a motion in which the court determines, or even considers, the merits of Plaintiff's claims. Rather, conditional class certification occurs at an early stage in the case so that a court may determine whether there is a reasonable basis to find the putative class members are similarly situated and may allege similar violations of the FLSA. Conditional certification also serves to provide notice of the lawsuit to those similarly situated individuals at an early stage so that these individuals may protect their claims from a running statute of limitations.

The question before the Court at the conditional certification stage is whether a common policy or practice has been alleged. In the present case, Plaintiff has alleged a common policy, one that Defendant admits it applies uniformly to all Aurora security officers and under which Plaintiff and the putative class members are similarly situated. Specifically, Plaintiff alleges that he and the putative class members were subject to a uniform automatic meal deduction policy, and under

2

that policy, they were suffered and permitted to perform work during unpaid meal periods.

For these reasons, as discussed below, Plaintiff requests that the Court grant his motion for conditional class certification and that notice be sent to the putative class members.

I. DEFENDANT'S ARGUMENTS IGNORE THE CONDITIONAL CERTIFICATION STANDARD AND INSTEAD FOCUS ON THE MERITS OF THE PLAINTIFF'S CLAIMS, WHICH ARE NOT CONSIDERED AT THE CONDITIONAL CERTIFICATION STAGE

The focus of the Court's inquiry at the conditional certification stage "is not on whether there has been an actual violation of law but rather on **whether the proposed plaintiffs are similarly situated [...] with respect to their allegations that the law has been violated.**" Young v. Cooper Cameron Corp., 229 F.R.D. 50, 54 (S.D.N.Y. 2005) (emphasis added). Plaintiff's burden, at the conditional certification stage, is to "[demonstrate] a **reasonable basis** for believing that she is similarly situated to potential class members." DeKeyser v. Thyssenkrupp Waupaca, Inc., 2008 U.S. Dist. LEXIS 102318, *2 (E.D. Wis. 2008, Griesbach, J.)[1] At the conditional certification stage, discovery is incomplete and "the court does not resolve factual disputes, decide substantive issues on the merits, or make credibility determinations." Lynch v. United Services Auto. Ass'n, 491 F.Supp.2d 357, 368-69 (S.D.N.Y. 2007). In other words, the purpose of conditional certification is to identify

---

[1] All unpublished decisions are attached as Exhibit A to the Affidavit of Attorney Parsons in Support of Plaintiff's Reply Brief in Support of Motion for Conditional Class Certification (Parsons Aff.).

3

similarly situated individuals at an early stage in the case and provide notice to these putative class members who have yet to toll the statute of limitations running against their claims. As the motion for conditional certification is a preliminary motion, made early in the case and before the parties have completed discovery on the merits of their claims, determinations on the merits of the Plaintiff's claims are inappropriate.

District courts throughout the country, including District Courts in Wisconsin, have declined to accept arguments regarding the merits of plaintiff's claims at the conditional certification stage. Rather, these courts have applied the "similarly situated" standard, which merely asks whether commonality exists among the putative class members' claims.[2] This standard is logical, as it is simply infeasible for the Plaintiff to gather significant discovery related to the merits of the class members' claims who, until they have received notice and opted in to the lawsuit, remain unknown to the Plaintiff.

Despite this, Defendant argues that, in its view, Plaintiffs will not prevail on the merits of their claims. This is not the issue at the conditional certification stage

---

[2] See Epenscheid v. Directsat USA, LLC, 2010 WL 2330309, *5 (W.D. Wis. 2010); Sjoblom v. Charter Communications, Inc., 571 F.Supp.2d 961, 967 (W.D. Wis. 2008); Barrus v. Dick's Sporting Good, Inc., 465 F.Supp.2d 224, 230 ([i]ndeed, a court should not weigh the merits of the underlying claims in determining whether potential opt-in plaintiffs may be similarly situated."); Lynch v. United Services Auto. Ass'n, 491 F.Supp 2d 375, 368 (S.D.N.Y. 2007); Trezvant v. Fidelity Employer Services Corp., 434 F.Supp.2d 40, 43 (D.Mass. 2006); Scott v. Heartland Home Finance Inc., 2006 WL 1209813, *3 (N.D. Ga. 2006); Ruggles v. WellPoint, Inc., 591 F. Supp. 2d 150, 159 (N.D.N.Y. 2008) ("[a]t this initial stage where all that is being determined is whether potential opt-in plaintiffs may be similarly situated, the court does not weigh the ultimate merits of the claims[.]").

4

and Defendant confuses the issue by raising arguments about the merits of the case.

### A. The Conditional Certification Standard Does Not Require the Plaintiff to Allege a Policy Which on Its Face Violates the Law

Plaintiff and the putative class members have alleged a common policy, under which they were similarly situated and were denied payment of minimum and overtime wages under the FLSA. Again, Plaintiff has alleged that he and the putative class members were suffered and permitted to work during unpaid meal periods due to Aurora's uniform meal deduction policy. Because Named Plaintiff and the putative class members have brought forth substantial evidence that they are similarly situated under this policy, notice should be provided to the putative class members. Defendant's argument to the effect that Plaintiff must allege a meal break policy, which, on its face, is a violation of the FLSA, mischaracterizes the conditional certification standard and would require the Court to make a premature determination on the merits of Plaintiff's claims.

Defendant incorrectly argues that: "[i]t is well established that the mere act of an employee having to be able to hear and, if necessary, respond to a communication device like a radio, pager or cellular phone during their meal breaks does not <u>automatically</u> convert that break time into compensable work time." (Dkt. 38, Defendant's Response to Plaintiff's Motion for Conditional Class Certification and Court Facilitated Notice (Defendant's Brief) at p.1, emphasis added). Defendant will have its opportunity to persuade the Court on what is "well established" law at

summary judgment; however, these arguments are premature at the conditional certification stage.

This is so because it is Plaintiff's burden to show that he and the putative class members are similarly situated with respect to their allegations that the law was violated. There is no requirement for Plaintiff to prove a violation of the law at conditional certification, or to identify a policy, which, on its face, violates the FLSA. Further, Defendant's view of the current status of the law is neither correct nor complete. What is of consequence at conditional certification is that the Plaintiff and putative class members are similarly situated with regard to their allegations that they were subject to an automatic deduction policy and that they were required to work through their meal periods without pay.[3]

Numerous courts have certified conditional classes based on hospitals' automatic meal deduction policies strikingly similar, if not identical, to Aurora's policy, and have saved a determination on the compensability of meal breaks for summary judgment, after the completion of discovery. Plaintiffs in these cases were not required, as Defendant's argument suggests, to prove at the conditional certification stage, that the alleged policy violates the FLSA. See Kuznyetsov v. W.

---

[3] At the dispositive stage of this case, the pertinent question will be whether the time spent by the security officers during their unpaid meal break was spent predominately for the benefit of Defendant. Leahy v. City of Chicago, 96 F.3d 228 (7th Cir. 2996). In Albee v. Village of Bartlett, a case relied on in Defendant's merit-based argument, the court, applying this test, stated that "it is the frequency and extent of the interruptions rather than their mere possibility that informs the decision whether the officer's time or attention is devoted primarily to official responsibilities." 861 F.Supp. 608, 685. (N.D. Ill. 1994). These are issues to be examined in this case, but not at this preliminary stage.

Penn Allegheny Health Sys., Inc., 2009 U.S. Dist. LEXIS 47163 (W.D. Pa. 2009);

Colozzi v. St. Joseph's Hosp. Health Ctr., 595 F. Supp. 2d 200 (N.D.N.Y. 2009);

Fengler v. Crouse Health Found., Inc., 595 F. Supp. 2d 189 (N.D.N.Y. 2009);

Ohsann v. L. V. Stabler Hosp., 2008 U.S. Dist. LEXIS 47074 (M.D. Ala. 2008);

Lindberg v. UHS of Lakeside, LLC, 2011 U.S. Dist. LEXIS 6711 (W.D. Tenn. 2011).

In each of these cases the policies under which the putative class members were similarly situated, like the instant policy, were not illegal on their face, but were alleged to violate the FLSA in application:

- In Kuznyetsov conditional certification was granted where the plaintiffs challenged the same Kronos time system at question in this case, where deductions were taken unless the individual affirmatively "cancelled" the meal break, and where plaintiffs alleged that they worked during meal periods. 2009 U.S. Dist. LEXIS 47163 *13;

- In Colozzi the Court certified a class where defendant used the Kronos time system to automatically deduct 30 minutes of pay from workers for each shift worked, unless a supervisor manually cancelled the break. Plaintiffs in that case "argue[d] that all of the defendants' hourly employees are subject to the same automatic meal deduction practice, implemented through use of the Kronos payroll accounting system, and that this common thread alone suffices to justify collective action certification…" 595 F. Supp. 2d at 206;

- In Ohsann the court certified a group of "non-exempt" hospital workers who were uniformly subject to the hospital's automatic meal period deduction policy, where the employees alleged that workloads and understaffing lead to employees working through breaks. 2008 U.S. Dist. LEXIS 47074, *6-7;

- In Lindberg, the Court was not persuaded by defendant's argument that plaintiffs were required to advance evidence of a uniform policy which, on its face, violates the law, such as a corporate policy of refusing to compensate employees for missed meal periods. The court, citing an opinion from the Sixth Circuit, stated that "[s]howing a 'unified policy' of violations is **not** required." Id. at *19, citing O'Brien v. Ed Donnelly Enters., 575 F.3d 567, 584 (6th Cir. 2009).

7

Plaintiffs in each of these cases were granted conditional certification to challenge whether those automatic deduction policies, as applied to the class, ran afoul of the FLSA. Plaintiffs in these cases were not required, as Defendant's argument suggests, to allege an automatic deduction policy, which, on its face, violates the FLSA, or to prove a violation before conditional certification.

Plaintiff has alleged that he and the putative class members were commonly suffered and permitted to work during unpaid meal periods due to Defendant's automatic meal deduction policy. These allegations, supported by Plaintiff and opt-in Plaintiffs' declarations and Defendant's own testimony, support that Plaintiff and the putative class members are similarly situated.

### B. Defendant's Meal Cancellation Policy Supports that the Named Plaintiff and the Putative Class Members Are Similarly Situated

Defendant argues that because the Kronos system allowed Plaintiff and putative class members to request that their supervisors cancel a meal period, that this means that they are not similarly situated. Other courts, however, have considered similar "meal cancellation" procedures, and have found that such procedures unduly shift the employer's responsibility to ensure that work hours are properly recorded to the employee. These Courts have found that these "cancellation" policies support conditionally certifying a collective class. Camesi v. University of Pittsburgh Medical Center, 2009 U.S. Dist. LEXIS 40571, *1 (W.D.Pa., 2009); Kimbell v. Dynamic Strategy, 2009 U.S. Dist. LEXIS 50008, at *5

8

(M.D. Tenn. 2009); Colozzi, 595 F. Supp. 2d 200; Lindberg, 2011 U.S. Dist. LEXIS 6711.

In a recent case, strikingly similar to the present case, the Western District of Tennessee conditionally certified a class based upon plaintiff's allegations that "Defendants expect hourly employees to be available at all times during their shifts to respond to demands from patients and requests from co-workers and supervisors. As a result, employees are consistently required to continue working during unpaid meal breaks without . . . relief by additional staff." Lindberg, 2011 U.S. Dist. LEXIS 6711, *3 (internal quotations omitted). In Lindberg, similar to the present case, "Defendants aver that employees were instructed and expected to record their missed meal break on a Time Adjustment Form, have their supervisor sign the form, and submit it to payroll for processing." Id. at *4. Further, as in the present case, "declarants each acknowledge that there was a time adjustment form that employees could fill out if they missed a meal break, each avers that they did not do so because Defendants routinely either ignored or discouraged the practice." Id. at *11.

The employer in Lindberg relied upon the identical argument as asserted by Defendant in its effort to defeat conditional certification. That is, the presence of a uniform meal break cancellation procedure somehow defeats the Plaintiff's argument that he and the putative class members are similarly situated. 2011 U.S. Dist. LEXIS 6711, *21.

9

This argument was squarely rejected by the Court. The Lindberg court relied on Camesi, 2009 U.S. Dist. LEXIS 40571, *1, a case citied in the Plaintiff's initial brief, and Kimbell, 2009 U.S. Dist. LEXIS 50008, at *4-*5, to articulate why the presence of the cancelation procedure in fact supports conditional certification. Id. at *19-*20. Quoting from these two cases, the court found that "[t]he law is clear that it is the employer's responsibility, not its employees', to ensure compensation for work suffered or permitted by the employer... [d]efendants' arguable attempt to shift statutory responsibilities to their workers [itself] constitutes an employer policy susceptible to challenge at this stage in the proceedings." Id. (internal quotations omitted).[4] The court further states that "it is the failure of an employer to compensate employees who work through . . . unpaid meal breaks, and to police and oversee hourly workers and their supervisors to ensure that when working through or during unpaid meal breaks they are compensated, that potentially runs afoul of the [FLSA]." Id. citing Colozzi, 595 F. Supp. 2d at 206-07; and Wage and Hour Division, U.S. Dep't of Labor, Factsheet No. 53, The Health Care Industry and Hours Worked (2008) ("When choosing to automatically deduct 30-minutes per shift, the employer must ensure that the employees are receiving the full meal break."). Thus, when an employer shifts the responsibility of ensuring proper

---

[4] See also 29 C.F.R. § 785.13, which provides that "... [I]t is the duty of the management to exercise its control and see that the work is not performed if it does not want it to be performed. It cannot sit back and accept the benefits without compensating for them. The mere promulgation of a rule against such work is not enough. Management has the power to enforce the rule and must make every effort to do so."

compensation for all hours worked from employer to employee, under a uniform policy, conditional certification of a class under that policy is proper.

The declarations submitted by the Plaintiff and opt-in Plaintiffs demonstrate that this case should be conditionally certified, as they reveal Defendant's uniform meal cancellation procedure, along with its uniform automatic deduction policy, caused Named and opt-in Plaintiffs to work without compensation during meal periods. Named Plaintiff and opt-in Plaintiffs' declarations each similarly state that because they feared discipline from their supervisors for requesting excessive paid meal periods, they declined to request supervisor cancellation for many if not all of their on-duty meal periods. (Dkt. 23, Bintner Dec. ¶13; Dkt. 24 Brabzon Dec. ¶9; Dkt. 25, Emmerich Dec. ¶10; Dkt. 26, Lang Dec. ¶9; Dkt. 27, Lowrey Dec. ¶ 8; Dkt. 29, Slutsky Dec. ¶9; Dkt. 30, Ward Dec. ¶7. Dkt. 31, Welniak Dec. ¶8).

Defendant attempts to attribute significance to the fact the Named Plaintiff cancelled 90 breaks during his entire three year tenure at Aurora. The Named Plaintiff was employed for approximately 164 weeks, or 825 shifts. (Parsons Aff. at ¶2). Per Defendant's policy, he was subject to an automatic meal break deduction for every one of those shifts, or 412.5 hours of work (just over 10 entire work weeks). Of these 825 deductions, the 90 that were cancelled represent approximately 10.9% percent of all breaks. (Parsons Aff. ¶3). Put another way, the Named Plaintiff cancelled, on average, approximately two breaks a month. Defendant also claims that during this period, between August 20, 2007 and October 1, 2010, security officers working at Aurora facilities cancelled 2,000 meal periods. Defendant has

11

provided a list of all security officers working at Aurora during this period and has provided their dates of employment. Based on this information, this group of 222 Aurora security officers worked approximately 102,115 shifts during this period and were subject to 102,115 meal break deductions or 50,057.5 unpaid hours. (Parsons Aff. ¶4). Thus, 1.9% of all 102,115 unpaid meal breaks were cancelled, or on average, or approximately 5 breaks per officer per year. (Parsons Aff. ¶5). Contrary to Defendant's assertion, these figures support Named Plaintiff and the putative class members' claim that they rarely if ever availed themselves of the deduction cancellation procedure, and supports that Plaintiff and opt-in Plaintiffs' statements that use of the procedure was discouraged and rarely used.

Finally, the Declarations submitted by Defendant give further support that Plaintiff and putative class members are similarly situated. These 70 declarations are in form and substance identical, aside from three fill in the blank spots for the declarant's name, the city where he worked, and his hire date. Dkt. 37-1, Exhibit A to Faucett Affidavit. Every one of the 70 declaration confirms the uniform meal deduction and meal cancellation policies. Dkt. 37-1, Exhibit A to Faucett Affidavit at ¶¶5,6. The identical declarations are void of any statements reflecting individualized differences between security officer's job duties or these policies that may call into question whether this group is similarly situated. Further, the Declarations are silent on Defendant's policy of requiring security officers to listen to and respond to communication devices during unpaid meal periods. Thus, in addition to the Declarations submitted by Named Plaintiff and the opt-in Plaintiffs,

12

and the testimony of Defendant's corporate representative, the Declarations Defendant has submitted in opposition to Plaintiff's motion support that they are similarly situated.

The Named Plaintiff and putative class members were commonly subject to Aurora's uniform meal deduction policy. Defendant's attempts, through its supervisor approved cancellation procedure, to shift the duty to properly record and compensate time to Named Plaintiff and the putative class members fails. Defendant's cancellation policy standing alone provides grounds that the class should be conditionally certified.

## II. ISSUES RELATED TO NOTICE PROCEDURE

Given the court's calendar, and the May 2, 2011 deadline to file motions to decertify the class, the Plaintiff agrees that a 45-day notice period is sufficient. With regard to how the notice will be distributed, the Plaintiff also concurs with Defendant's suggestion that first class mail would be the most appropriate means.

## CONCLUSION

Plaintiff has alleged that he and the putative class members were subject to Defendant's uniform meal break deduction policy. This policy uniformly caused Plaintiff, opt-in Plaintiffs, and putative class members to suffer a minimum and overtime wage loss. Defendant does not contest that Plaintiff and the putative class members all were commonly subjected to its uniform meal deduction policy throughout the relevant statutory period. Defendant does not contest that Plaintiff and the putative class members were commonly required to monitor communication

13

devices and respond immediately to emergency calls, even during their meal periods. Because Plaintiff has submitted more than sufficient evidence to meet its lenient burden, he requests that Conditional Class Certification be granted and that notice be sent to the putative class members. Such a ruling is in line with similar cases from this District and Courts and around the country.

Dated: February 18, 2011.

        **HAWKS QUINDEL, S.C.**
        *Attorneys for Plaintiffs*

  By:     */s/ William E. Parsons*
        William E. Parsons, State Bar No. 1048594
        Email: wparsons@hq-law.com
        David C. Zoeller, State Bar No. 1052017
        Email: dzoeller@hq-law.com
        222 W. Washington Avenue, Suite 450
        Post Office Box 2155
        Madison, Wisconsin 53701-2155
        Telephone: 608 257-0040

        Lynn M. Novotnak, State Bar No. 1005688
        Email: lnovotnak@hq-law.com
        Summer H. Murshid, State Bar No. 1075404
        Email: smurshid@hq-law.com
        700 W. Michigan, Suite 500
        Post Office Box 442
        Milwaukee, Wisconsin 53201