IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

JERRY A. BRABAZON, individually and on
behalf of all others similarly situated,

      Plaintiff,

    v.                                                   Case No. 10-CV-714

AURORA HEALTH CARE, INC.,

      Defendant.

**JOINT MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT**

      The parties, by and through their undersigned counsel, move this Court for an Order granting preliminary approval of the collective and class action settlement reached between Defendant, Aurora Health Care, Inc. and the Plaintiff, Jerry Brabazon, individually and on behalf of all others similarly situated, including but not limited to individuals who have submitted opt-in consents (hereafter collectively "Plaintiffs"). By separate stipulation, the parties further clarify their request that Plaintiffs' putative classes be certified for purposes of this settlement only.

      Through this Motion, the parties request that the Court: (1) designate Hawks Quindel, S.C. as class counsel and the Named Plaintiff, Jerry A. Brabazon, as representatives of the class ("Class Representative"); (2) preliminarily approve the terms of the class action Settlement Agreement and Release of Claims ("Settlement Agreement"), attached as Exhibit "A" to this Motion; (3) certify a settlement class pursuant to Rule 23 of the Federal Rules of Civil Procedure as set forth in more detail in the parties' Joint Stipulation for Class Certification Pursuant to Fed. R. Civ. P. 23 attached as Exhibit "B" to this Motion; (4) issue an Order substantially in the form of the proposed order submitted as Exhibit "C" to this Motion; and (4) give permission to

QB\13851172.2

disseminate notice of this settlement to class members and claim and release documents in the forms attached as Exhibits "2," "3" and "4" to the parties' Settlement Agreement.

The parties arrived at this Settlement Agreement after significant arm's length negotiations, including an all-day mediation with Mediator Michael Leech, Esq., and after conducting significant discovery regarding the Defendant's potential liability and the potential damages of the members of the class. The parties have conducted numerous depositions in this matter, including the deposition of the Named Plaintiff and seven opt-in Plaintiffs as well as depositions of Defendant's representatives pursuant to Fed. R. Civ. P. 30(b)(6). Further, this court has issued an order conditionally certifying the Plaintiff's FLSA collective class, and the parties have fully briefed the Plaintiff's Motion for Fed. R. Civ. P. Class Certification, which is pending before the Court.

Defendant has denied and continues to deny all of the substantive and class allegations of the First Amended Complaint. Defendant recognizes, however, the uncertainty and risk inherent in any litigation and the difficulties and substantial expense and length of time necessary to defend this action through trial and any appeal, and have arrived at this Settlement Agreement.

Plaintiffs too recognize the uncertainty and risk inherent in any litigation, and the difficulties and substantial expense and length of time necessary to bring this action through trial and any appeal, and have arrived at this Settlement Agreement. Further, Plaintiffs have reviewed substantial information provided by Defendant relative to the unpaid meal break claims asserted in their First Amended Complaint. Based on Plaintiffs' review of that information, and after extensive arm's length negotiations, the Plaintiffs represent that the parties have reached a settlement that more than adequately compensates the Plaintiffs and putative class members for their alleged interrupted meal breaks.

Plaintiffs have reviewed the wage rates and the terms of employment for all members of the putative classes. Based on this data, and the calculations of the total uncompensated time for the class, Plaintiffs have calculated the total alleged damages associated with Plaintiffs' unpaid meal break claims. On a two year basis, the total potential value of the meal breaks deducted for the class is approximately $410,000. This settlement, after provision for attorneys' fees and costs, and payment of an enhancement payment to the named Plaintiff, provides payment 72% of every deducted meal break on a class wide basis, or for $295,000 to be paid to the class as a whole. The meal break damages for each individual Plaintiff are based on a pro-rata share of the settlement funds, arrived at by determining the number of meal breaks deducted from each individual class member, and the total number of meal breaks deducted from the class.

The Settlement Agreement resolves the claims of the approximately 220 members of the classes. The Settlement Agreement includes, for purposes of this settlement, a stipulation for the certification of a Rule 23 class. The Settlement Agreement provides up to $295,000 in settlement funds to be paid by the Defendant to resolve these claims, as well as a $15,000 enhancement payment to the named Plaintiff in recognition of his efforts on behalf of the class. As outlined in the Settlement Agreement, Plaintiffs' counsel will seek Court approval for attorney's fees and costs from the settlement fund in an amount no greater than $170,000. The Settlement Agreement provides that Defendant settle the Plaintiffs' claims for deducted meal breaks claim based on the allocation formula outlined in the Settlement Agreement.

After the Court has ruled on this Motion, and if the Rule 23 class is certified for the purposes of this settlement, the Class Members will have 60 days from the date Plaintiffs' counsel mails Notice of the Settlement Agreement, to participate in the settlement, object to the settlement, or exclude themselves from the settlement. At the close of this period, and prior to

the fairness hearing, the parties will move for final approval of this settlement. Defendant will distribute settlement funds after final approval according to the formula and methods outlined in the Settlement Agreement.

Because the Settlement Agreement provides for a fair resolution of the disputes between the parties, the parties respectfully request that the Court grant preliminary approval of the settlement and certify, for settlement purposes only, the Plaintiffs' putative classes.

WHEREFORE, the parties respectfully request that the Court grant the Parties' Joint Motion for Preliminary Approval of Class Settlement, and issue an Order in substantially the form of the proposed order submitted as Exhibit "C" to this Motion.

Dated this 22nd day of July, 2011.

        HAWKS QUINDEL, S.C.

        s/William E. Parsons
William E. Parsons, State Bar No. 1048594
Email: wparsons@hq.law.com
David C. Zoeller, State Bar No. 1052017
Email: dzoeller@hq-law.com
222 W. Washington Ave. Suite 450
PO Box 2155
Madison, WI 53703
Telephone: 608/257-0040
Facsimile: 608/256-0236

*Attorneys for the Plaintiffs*

Dated this 22nd day of July, 2011.

QUARLES & BRADY LLP

s/Sean M. Scullen
Sean M. Scullen
State Bar No. 1034221
Mary Pat Ninneman
State Bar No. 1016956
Christopher L. Nickels
State Bar No. 1083481
411 E. Wisconsin Ave., Suite 2040
Milwaukee, WI 53202-4497
Telephone: 414-277-5421
Facsimile: (414) 978-8978
E-mail: sean.scullen@quarles.com

*Attorneys for Defendant
Aurora Health Care, Inc.*