# Exhibit A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF WISCONSIN

JERRY A. BRABAZON, individually and on
behalf of all others similarly situated,

      Plaintiff,

   v.

AURORA HEALTH CARE, INC.,

      Defendant.

Case No. 10-CV-714

## SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS

     Jerry A. Brabazon ("PLAINTIFF"), individually and on behalf of the classes described below (hereinafter referred to collectively as the "SETTLEMENT CLASSES"), Aurora Health Care, Inc. ("DEFENDANT"), and its respective counsel of record enter into this Stipulation and Settlement Agreement ("SETTLEMENT AGREEMENT") conditioned upon entry by the COURT of a final order and judgment approving the SETTLEMENT AGREEMENT and dismissing with prejudice all claims encompassed by the SETTLEMENT AGREEMENT.

### I.    RECITALS AND BACKGROUND

    A.    On August 20, 2010, PLAINTIFF filed a collective and class action Complaint in the U.S. District Court for the Eastern District of Wisconsin asserting violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA") and the Wisconsin wage payment and overtime laws, Wis. Stat. §§ 103, 104, 109, et seq. PLAINTIFF filed a first Amended Complaint on December 3, 2010.

    B.    DEFENDANTS timely filed their Answers to PLAINTIFF's Complaint and PLAINTIFF's first Amended Complaint disputing the material allegations both as to fact and

law and denying any liability to the PLAINTIFF or members of the proposed SETTLEMENT
CLASSES.

C.     PLAINTIFF asserts claims on behalf of himself and similarly situated current or
former security officers that DEFENDANT violated the FLSA and Wisconsin's wage payment
and overtime laws where class members suffered unpaid on-duty meal periods. PLAINTIFF's
claims include, but are not limited to, allegations that he and members of the SETTLEMENT
CLASSES have not been paid the appropriate minimum wages, regular wages, and/or overtime
wages.

D.     By Order entered March 28, 2011, the COURT conditionally certified the
PLAINTIFF's requested FLSA class of current and former employees of DEFENDANT.

E.     A Notice to potential class members was issued and the deadline for potential
class members to opt-in to the FLSA class closed on May 19, 2011. PLAINTIFF and 51
individuals opted into the conditionally certified class.

F.     The PARTIES have taken numerous depositions, exchanged extensive amounts of
information and documents through formal and informal discovery, conducted significant
investigation, and detailed legal and factual analyses of the claims and defenses.

G.     On June 20, 2011 the PARTIES engaged in mediation under the direction of
experienced class action mediator Michael J. Leech. On that same date, the PARTIES reached a
settlement in principle regarding the disputes which are or could have been brought in the
LITIGATION. This SETTLEMENT AGREEMENT reflects the understanding of the PARTIES
reached at mediation.

H.     For purposes of settlement only, the PARTIES seek the certification of the
following opt-out settlement class pursuant to Rule 23 of the Federal Rules of Civil Procedure:

QB\13683713.4

The "WISCONSIN WAGE CLASS" comprised of Wisconsin class members consists of all persons who have been or are employed by Aurora and who had meal periods deducted while working as a security officer from August 20, 2008 to the date of the PRELIMINARY APPROVAL ORDER. The class claims to be certified with respect to the WISCONSIN WAGE CLASS are any wage-related claims during the relevant period from August 20, 2008 through and including the date of the PRELIMINARY APPROVAL ORDER, including, but not limited to, claims for failure to pay PLAINTIFF and members of the WISCONSIN WAGE CLASS unpaid wages, minimum wages, regular wages, overtime wage or any other wage- or recordkeeping-related damages and relief pursuant to Wisconsin law for time spent during on-duty meal periods.

I.      The COURT has conditionally certified an opt-in collective action pursuant to Section 216(b) of the FLSA. The "FLSA CLASS" consists of those individuals who have already opted into the LITIGATION. The claims with respect to the FLSA CLASS are any wage-related claims during the relevant period from August 20, 2007 through and including the date of entry of the PRELIMINARY APPROVAL ORDER, including, but not limited to, claims for unpaid wages, minimum wages, regular wages, overtime, or any other wage- or recordkeeping-related damages or relief pursuant to the FLSA for time spent during on-duty meal periods.

J.      CLASS COUNSEL has conducted a thorough investigation of the claims against DEFENDANT sought to be certified under this SETTLEMENT AGREEMENT, including interviewing witnesses and reviewing voluminous documents, such as daily logs, payroll documentation, and policy documents. Based on their independent investigation and evaluation, CLASS COUNSEL believes that the settlement with DEFENDANT for the consideration of and

QB\13683713.4

on the terms set forth in this SETTLEMENT AGREEMENT is fair, reasonable, and adequate, and is in the best interest of PLAINTIFF and potential members of the SETTLEMENT CLASSES in light of all known facts and circumstances, including the risk of delay, defenses asserted by DEFENDANT, and numerous potential appellate issues.

K.       DEFENDANT expressly denies any liability or wrongdoing of any kind associated with the claims in this LITIGATION and PLAINTIFF'S Complaint or first Amended Complaint. DEFENDANT contends is has complied with applicable federal and state law at all times. By entering into the SETTLEMENT AGREEMENT, DEFENDANT does not admit any liability or wrongdoing and expressly denies the same. It is expressly understood and agreed by the PARTIES that the SETTLEMENT AGREEMENT is being entered into by DEFENDANT solely for the purpose of avoiding the costs and disruption of ongoing litigation and to settle all outstanding claims. Nothing in the SETTLEMENT AGREEMENT, the settlement proposals exchanged by the PARTIES, or any motions filed or Orders entered pursuant to the SETTLEMENT AGREEMENT, is to be construed or deemed as an admission by DEFENDANT of any liability, culpability, negligence, or wrongdoing, and the SETTLEMENT AGREEMENT, each of its provisions, its execution, and its implementation, including any motions filed or Orders entered, shall not in any respect be construed as, offered, or deemed admissible as evidence, or referred to in any arbitration or legal proceedings for any purpose, except in an action or proceeding to approve, interpret, or enforce the SETTLEMENT AGREEMENT. Furthermore, neither the SETTLEMENT AGREEMENT, any motions filed, settlement proposals exchanged by the PARTIES, or Orders entered pursuant to the SETTLEMENT AGREEMENT, nor any class certification pursuant to the SETTLEMENT AGREEMENT shall constitute an admission, finding, or evidence that any requirement for class certification has been

-4-

satisfied in this LITIGATION or any other action, except for the limited settlement purposes pursuant to the terms of the SETTLEMENT AGREEMENT. This SETTLEMENT AGREEMENT shall be inadmissible as evidence in any proceeding, except as necessary to approve, interpret, or enforce this SETTLEMENT AGREEMENT.

L.      This SETTLEMENT AGREEMENT shall automatically terminate, and the FINAL SETTLEMENT CLASSES certification shall automatically be cancelled if this SETTLEMENT AGREEMENT is terminated pursuant to Paragraph IX, in which event this SETTLEMENT AGREEMENT shall not be offered, received, or construed as an admission of any kind as to liability, damages, whether any class is certifiable, or any other matter.

M.      The PARTIES shall request the United States District Court for the Eastern District of Wisconsin (the "COURT") to approve the SETTLEMENT AGREEMENT with respect to all actions and claims settled in this SETTLEMENT AGREEMENT.

N.      This SETTLEMENT AGREEMENT is contingent upon the approval and certification of the SETTLEMENT CLASSES as defined in this SETTLEMENT AGREEMENT. DEFENDANT does not waive, and instead expressly reserves, its rights to move for decertification of the FLSA CLASS or challenge the propriety of class certification for any purpose should the COURT not approve this SETTLEMENT AGREEMENT and enter a FINAL APPROVAL ORDER.

O.      This SETTLEMENT AGREEMENT sets forth the entire agreement between the PARTIES hereto and fully supersedes any and all prior agreements or understandings, written or oral, between the PARTIES reached during the mediation that resulted in this SETTLEMENT AGREEMENT.

QB\13683713.4

Case 2:10-cv-00714-JPS   Filed 07/22/11   Page 6 of 43   Document 94-1

## II.  DEFINITIONS

A.      "AUTHORIZED CLAIMANT" means a member of the FINAL SETTLEMENT

CLASSES or the authorized legal representative of such member of the FINAL SETTLEMENT

CLASSES, who submits a properly completed RULE 23 CLAIM FORM or an FLSA RELEASE

on or before the BAR DATE and who becomes entitled to receive SETTLEMENT PROCEEDS.

B.      The "BAR DATE" is the date by which any member of the FINAL

SETTLEMENT CLASSES who wishes to qualify as an AUTHORIZED CLAIMANT must

submit a properly completed CLAIM FORM, which submission shall be postmarked no later

than sixty (60) days following the mailing date of the CLASS NOTICE and CLAIM FORM.

C.      "CAFA NOTICE" refers to the notice to be sent by DEFENDANT to appropriate

federal and state officials pursuant to the requirements of the Class Action Fairness Act of 2005

("CAFA"), 28 U.S.C. § 1715(b), substantially in the form of Exhibit "1" attached hereto.

D.      "RULE 23 CLAIM FORM" refers to the document substantially in the form of

Exhibit "2" attached hereto.  Exhibit "2" shall be mailed to and must be submitted by members

of the WISCONSIN WAGE CLASS to be eligible to receive SETTLEMENT PROCEEDS.

E.      "CLASS COUNSEL" is Hawks Quindel, S.C.

F.      "CLASS COUNSEL'S FEES AND COSTS" means the attorneys' fees, costs, and

expenses (including but not limited to any fees, costs, and expenses related to testifying and non-

testifying experts and consultants) approved by the COURT and paid from settlement funds to

CLASS COUNSEL.

G.      "CLASS NOTICE" refers to the document substantially in the form of Exhibit

"3" to be mailed to members of the SETTLEMENT CLASSES.

H.      "COURT" refers to the court having jurisdiction of the LITIGATION, at any

stage, presently the United States District Court for the Eastern District of Wisconsin.

-6-

I.    "DEFENDANT" refers to Aurora Health Care, Inc.

J.    "FINAL APPROVAL HEARING" means the hearing contemplated by the PARTIES, at which the COURT will approve, in final, the settlement and make such other final rulings as are contemplated by this SETTLEMENT AGREEMENT.

K.    "FINAL APPROVAL ORDER" refers to the order of the COURT granting final approval of this SETTLEMENT AGREEMENT on the terms provided herein or as the same may be modified by subsequent mutual agreement of the PARTIES.

L.    "FINAL SETTLEMENT CLASSES" refers to all WISCONSIN WAGE CLASS RELEASING PERSONS and all FLSA RELEASING PERSONS.

M.    "FLSA CLASS" refers to all persons who have been or are employed by Aurora and who had meal periods deducted while working as a security officer from August 20, 2007 to the date of the LITIGATION and have already opted into this to the class conditionally certified by the COURT on March 28, 2011.

N.    "FLSA RELEASING PERSONS" means each and every FLSA CLASS member who timely opted-into the class, and his or her respective heirs, beneficiaries, devisees, legatees, executors, administrators, trustees, conservators, guardians, estates, personal representatives, successors- in-interest, and assigns, and who returns a timely executed an FLSA RELEASE.

O.    "LITIGATION" refers to the action filed on or about August 20, 2010, entitled Brabazon v. Aurora Health Care, Inc., Case No. 10-C-0714, as amended, which is currently pending in the United States District Court for the Eastern District of Wisconsin.

P.    "MAXIMUM GROSS SETTLEMENT AMOUNT" refers to the amount set forth herein at Paragraph III.A.

Q. "PARTIES" refers to the PLAINTIFF named in the above-captioned LITIGATION and DEFENDANT and, in the singular, refers to any of them, as the context makes apparent.

R. "PLAINTIFF" refers to Jerry A. Brabazon.

S. "PRELIMINARY APPROVAL ORDER" refers to the order of the COURT granting preliminary approval of this SETTLEMENT AGREEMENT on the terms provided herein or as the same may be modified by subsequent mutual agreement of the PARTIES.

T. "FLSA RELEASE" refers to the document substantially in the form of Exhibit "4" to be mailed to members of the FLSA CLASS.

U. "SETTLEMENT AGREEMENT" refers to this Stipulation and Settlement Agreement.

V. "SETTLEMENT CLASSES" collectively refers to the FLSA CLASS and the WISCONSIN WAGE CLASS.

W. "WISCONSIN WAGE CLASS" refers to any and all persons who have been or are employed by Aurora and who had meal periods deducted while working as a security officer from August 20, 2008 to the date of the PRELIMINARY APPROVAL ORDER..

X. "WISCONSIN WAGE CLASS RELEASING PERSONS" means each and every WISCONSIN WAGE CLASS member who does not timely and validly exclude themselves from the class incompliance with the opt-out and exclusion procedures set forth in this SETTLEMENT AGREEMENT, and their respective heirs, beneficiaries, devisees, legatees, executors, administrators, trustees, conservators, guardians, estates, personal representatives, successors-in interest, and assigns.

-8-

## III.  TERMS OF SETTLEMENT

A.  MAXIMUM GROSS SETTLEMENT AMOUNT:

1.  As consideration for the settlement described herein in this SETTLEMENT AGREEMENT and in full settlement and satisfaction of all claims, payments to any AUTHORIZED CLAIMANTS and CLASS COUNSEL'S FEES AND COSTS, or any other payments encompassed by this SETTLEMENT AGREEMENT, DEFENDANT shall pay to the members of the FINAL SETTLEMENT CLASSES no more than the total and all inclusive MAXIMUM GROSS SETTLEMENT AMOUNT of Four-Hundred Eighty Thousand Dollars and No Cents ($480,000.00). The MAXIMUM GROSS SETTLEMENT AMOUNT and the settlement funds shall remain in the possession, custody, and control of DEFENDANT until the settlement amounts are distributed as set forth herein. DEFENDANT may not be called upon or required to contribute additional monies above the MAXIMUM GROSS SETTLEMENT AMOUNT under any circumstances whatsoever.

2.  In the event that this SETTLEMENT AGREEMENT is canceled, rescinded, terminated, voided, or nullified, however that may occur, or the settlement of the LITIGATION is barred by operation of law, is invalidated, is not approved or otherwise is ordered not to be carried out by the COURT or any court of competent jurisdiction, DEFENDANT will cease to have any obligation to pay or provide any portion of the MAXIMUM GROSS SETTLEMENT AMOUNT to anyone under the terms of this SETTLEMENT AGREEMENT and all previous disbursements from the MAXIMUM GROSS SETTLEMENT AMOUNT will immediately be paid hack to DEFENDANT by the person or entity who received such disbursements.

B.  The payment of the MAXIMUM GROSS SETTLEMENT AMOUNT shall be accomplished as follows:

QB\13683713.4

a. The PLAINTIFF shall be allocated a service payment of $15,000, exclusive of any amount allocated to him as a member of the SETTLEMENT CLASSES, in recognition of the services he performed as a representative of the SETTLEMENT CLASSES. The MAXIMUM GROSS SETTLEMENT AMOUNT shall be reduced by this amount prior to allocation of settlement funds to SETTLEMENT CLASS members.

b. CLASS COUNSEL shall make an application to the COURT for an award of CLASS COUNSEL'S FEES AND COSTS in the amount of One Hundred Seventy Thousand Dollars and No Cents ($170,000). DEFENDANT will not oppose this request. This amount will be deducted from the MAXIMUM GROSS SETTLEMENT AMOUNT. Payment of such CLASS COUNSEL'S FEES AND COSTS to CLASS COUNSEL shall constitute full satisfaction of any and all obligations by DEFENDANT to pay any person, attorney or law firm for attorneys' fees, expenses or costs (including but not limited to any fees, costs and expenses related to testifying and non-testifying experts and consultants) incurred on behalf of PLAINTIFF and all members of the SETTLEMENT CLASSES.

c. The Portion of MAXIMUM GROSS SETTLEMENT AMOUNT remaining, after provision for court awarded attorneys' fees and costs and provision of a service payment to the PLAINTIFF as described above, shall be described as the SETTLEMENT FUND.

d. The SETTLEMENT FUND shall be allocated to the SETTLEMENT CLASSES in the following manner. The claim for each individual shall be calculated by first totaling the number of half-hour meal period deductions taken during the statutory period applicable to each individual SETTLEMENT CLASS MEMBER. Next, the "AVERAGE REGULAR RATE" for each individual SETTLEMENT CLASS MEMBER shall

-10-

be calculated by totaling all pay, excluding overtime pay, received by the individual during the applicable statutory period and dividing that amount by the total hours worked by the individual during the relevant statutory period, excluding overtime hours. The AVERAGE REGULAR RATE will then be multiplied by the number of half hour period meal deductions taken during the statutory period and divided by two. For members of the FLSA CLASS, the claim will be doubled resulting in their TOTAL INDIVIDUAL CLAIM. For members of the WISCONSIN WAGE CLASS, the claim will be increased by 50%, resulting in their TOTAL INDIVIDUAL CLAIM. The TOTAL INDIVIDUAL CLAIMS of all SETTLEMENT CLASS MEMBERS shall then be totaled to arrive at a "TOTAL CLASS CLAIM." The TOTAL INDIVIDUAL CLAIM of each SETTLEMENT CLASS MEMBER shall be divided by the TOTAL CLASS CLAIM to arrive at the individual class member's "PRO RATA PERCENTAGE." The PRO RATA PERCENTAGE for each individual will then be multiple by their TOTAL INDIVIDUAL CLAIM to arrive at their INDIVIDUAL CLAIM AMOUNT.

   e.  In the event that any amount remains in the SETTLEMENT FUND after the close of the notice period, the first $5,876 shall be paid to those individuals who began employment with DEFENDANT after October 15, 2010, whose individual claims shall be allocated in the same manner described in paragraph (d) supra. The next $94,124 in UNCLAIMED SETTLEMENT FUNDS shall revert to DEFENDANT. In the event that the amount of UNCLAIMED SETTLEMENT FUNDS exceeds $100,000, any amount exceeding $100,000 shall be reallocated to FLSA RELEASING PERSONS and the WISCONSIN WAGE CLASS RELEASING PERSONS in the following manner: The TOTAL INDIVIDUAL CLAIMS of all FLSA RELEASING PERSONS and the WISCONSIN WAGE CLASS RELEASING PERSONS shall be totaled to arrive at the TOTAL RELEASED CLAIMS. The

QB\13683713.4

Case 2:10-cv-00714-JPS Filed 07/22/11 Page 12 of 43 Document 94-1

TOTAL INDIVIDUAL CLAIM of each FLSA RELEASING PERSONS and the WISCONSIN WAGE CLASS RELEASING PERSONS shall be divided by the TOTAL RELEASED CLAIMS to arrive at the individual class member's "PRO RATA REVERSION PERCENTAGE." The PRO RATA REVERSION PERCENTAGE for each individual will then be multiple by their TOTAL INDIVIDUAL CLAIM to arrive at their INDIVIDUAL REVERSION AMOUNT.

       f.     The PARTIES agree that, for the WISCONSIN WAGE CLASS, members 75% of all settlement payments shall be characterized as back wage payments subject to all required employer paid payroll taxes and deductions (federal income taxes, state income taxes, employee's share of FICA taxes, and other state-specific statutory deductions) and other required deductions (e.g., garnishments, tax liens, child support) and the remaining 25% shall be characterized as 1099 income. The DEFENDANT will report the back wage payment to each AUTHORIZED CLAIMANT on an IRS Form W-2. DEFENDANT will be the entity responsible for issuing the settlement checks, less required withholdings and deductions, and W-2 forms for each AUTHORIZED CLAIMANT and mailing the settlement checks to the AUTHORIZED CLAIMANTS. DEFENDANT shall be responsible for all employer side payroll taxes applicable to the payment of these wages.

       g.     The PARTIES agree that, for the FLSA CLASS members, 50% of settlement payments shall be characterized as back wage payments subject to all required employer paid payroll taxes and deductions (federal income taxes, state income taxes, employee's share of FICA taxes, and other state-specific statutory deductions) and other required deductions (e.g., garnishments, tax liens, child support) and the remaining 50% shall be characterized as 1099 income. The DEFENDANT will report the back wage payment to each

<div align="center">-12-</div>

AUTHORIZED CLAIMANT on an IRS Form W-2. DEFENDANT will be the entity responsible for issuing the settlement checks, less required withholdings and deductions, and W-2 forms for each AUTHORIZED CLAIMANT and mailing the settlement checks to the AUTHORIZED CLAIMANTS. DEFENDANT shall be responsible for all employer side payroll taxes applicable to the payment of these wages.

       h.      Settlement funds shall be paid by DEFENDANT to members of the SETTLEMENT CLASSES who timely submit properly completed RULE 23 CLAIM FORMS or FLSA RELEASES and who become AUTHORIZED CLAIMANTS.

C.      RELEASE OF CLAIMS; WAIVER; ASSIGNMENT OF RIGHTS:

       1.    <u>Wisconsin Law Release</u>: Each and every member of the FINAL SETTLEMENT CLASSES, and their respective heirs, beneficiaries, devisees, legatees, executors, administrators, trustees, conservators, guardians, personal representatives, successors-in interest, and assigns hereby forever and completely release, discharge and hold harmless DEFENDANT from any and all wage and/or compensation-related claims, demands, rights, liabilities, expenses, and losses of any kind, that any of them have, had, might have or might have had against DEFENDANT based on any act or omission that occurred at any time up to and including the date the COURT enters a PRELIMINARY APPROVAL ORDER, in any way related to any of the facts or claims alleged or could have been alleged in the LITIGATION or by reason of the negotiations leading to this settlement, even if presently unknown and/or un-asserted. The matters released herein include any claims that could be brought by members of the FINAL SETTLEMENT CLASSES alleging that DEFENDANT retaliated against them for complaining about their wages or for asserting wage-related claims, any wage and hour laws or wage-related claims under any other laws, and any other claims of any kind related to

-13-

DEFENDANT'S alleged failure to pay wages to members of the FINAL SETTLEMENT

CLASSES through and including the date the COURT enters a PRELIMINARY APPROVAL

ORDER, including but not limited to claims pursuant to the wage and hour laws and regulations

of the State of Wisconsin, wage and hour related claims under Chapters 103, 104, 109, and 111

of the Wisconsin Statutes; Chapters DWD 272, 274, and 275 of the Wisconsin Administrative

Code; any breach of contract claims; and any state common law wage claims, including, but not

limited to claims of unjust enrichment and quantum merit; and any and all claims pursuant to or

derived from The Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §

1001 et seq., that arise from any alleged failure to pay wages, including any claims for benefits

under any benefit plans subject to ERISA that arise from such alleged failure.

     2.     <u>FLSA Release</u>: Each and every member of the FINAL SETTLEMENT

CLASSES and their respective heirs, beneficiaries, devisees, legatees, executors, administrators,

trustees, conservators, guardians, personal representatives, successors-in-interest, and assigns

hereby forever completely release, discharge and hold harmless DEFENDANT from any and all

wage and/or compensation-related claims of any kind, including but not limited to claims

pursuant to Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201, et. seq., that any of

them have, had, might have or might have had against any DEFENDANT based on any act or

omission that occurred up to and including the date the COURT enters a PRELIMINARY

APPROVAL ORDER, in any way related to any of the facts or claims alleged or could have

been alleged in the LITIGATION or by reason of the negotiations leading to this settlement,

even if presently unknown and/or un-asserted.  The matters released by the members of the

FINAL SETTLEMENT CLASSES herein also include any FLSA retaliation claims that could be

brought by them against DEFENDANT based on any act or omission that occurred up to and

<div align="center">-14-</div>

including the date the COURT enters a PRELIMINARY APPROVAL ORDER; any breach of contract claims; and any state common law wage claims, including, but not limited to claims of unjust enrichment and quantum merit; and any and all claims pursuant to or derived from The Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq., that arise from any alleged failure to pay wages, including any claims for benefits under any benefit plans subject to ERISA that arise from any such alleged failure.

      3.    <u>Assignment</u>: All members of the FINAL SETTLEMENT CLASSES represent and warrant that nothing which would otherwise be released herein has been assigned, transferred, or hypothecated or purportedly assigned, transferred, or hypothecated.

D.    PUBLIC DISCLOSURE AND NON-DISPARAGEMENT OBLIGATIONS:

PLAINTIFF and CLASS COUNSEL agree to keep the terms of the SETTLEMENT AGREEMENT confidential and not to disclose or make any public comment regarding the settlement until the filing of the Motion for Preliminary Approval. PLAINTIFF and CLASS COUNSEL further agree not to disparage Aurora or its employment policies or practices.

## IV.    DUTIES OF THE PARTIES PRIOR TO COURT APPROVAL

A.    SEEK PRELIMINARY APPROVAL:

After the execution of this SETTLEMENT AGREEMENT, CLASS COUNSEL, on behalf of PLAINTIFF and all potential members of the SETTLEMENT CLASSES, and DEFENDANT shall file with the COURT their Joint Motion for Preliminary Approval of the Class Settlement with its exhibits and supporting documents. At the same time, CLASS COUNSEL, on behalf of PLAINTIFF and all potential members of the SETTLEMENT CLASSES, and DEFENDANT shall submit this SETTLEMENT AGREEMENT to and move the COURT for an Order substantially which shall:

-15-

1. Assert jurisdiction over the claims and PARTIES alleged in PLAINTIFF'S Amended Complaint and the implementation and administration of this SETTLEMENT AGREEMENT;

2. Grant preliminary approval of the settlement set forth in this SETTLEMENT AGREEMENT as adequate, fair, and reasonable and in the best interest of the PLAINTIFF and potential members of the SETTLEMENT CLASSES;

3. Conditionally certify the Rule 23 class as defined in this SETTLEMENT AGREEMENT for settlement purposes only;

4. Appoint Jerry A. Brabazon as class representative;

5. Approve the CLASS NOTICE, RULE 23 CLAIM FORM and FLSA RELEASE and authorize the mailing of the COURT approved CLASS NOTICE, RULE 23 CLAIM FORM and FLSA RELEASE to all members of the SETTLEMENT CLASSES;

6. Appoint CLASS COUNSEL as counsel for the SETTLEMENT CLASSES pursuant to Fed. R. Civ. P. 23(g);

7. Set a date for the execution and return of RULE 23 CLAIM FORMS and FLSA RELEASES and filing of objections or opting out of the settlement; and

8. Schedule a hearing for the final approval of the SETTLEMENT AGREEMENT and entry of a final order dismissing with prejudice all claims encompassed by this SETTMENENT AGREEMENT.

B. OPPOSITION TO CLASS CERTIFICATION:

DEFENDANT expressly reserves the right to oppose class certification should the SETTLEMENT AGREEMENT not become final.

-16-

C. DECERTIFICATION OF COLLECTIVE ACTION:

DEFENDANT expressly reserves the right to pursue its Motion for Decertification of the FLSA Collective Class should the SETTLEMENT AGREEMENT not become final.

D. DISMISSAL WITH PREJUDICE:

PLANITIFF and DEFENDANT agree that they will jointly stipulate to the dismissal with prejudice of the LITIGATION on the date upon which a final order and judgment is entered by the COURT approving this SETTLEMENT AGREEMENT and dismissing this LITIGATION with prejudice and the final order become non-appealable.

## V. FINAL SETTLEMENT APPROVAL

As part of this settlement, the PARTIES shall request that the COURT schedule a FINAL APPROVAL HEARING for the purpose of obtaining the FINAL APPROVAL ORDER and entry of judgment granting dismissal of this action with prejudice and permanently barring all WISCONSIN WAGE CLASS RELEASING PERSONS and FLSA CLASS RELEASING PERSONS from prosecuting against DEFENDANT any claims which were or could have been asserted by the WISCONSIN WAGE CLASS and FLSA CLASS RELEASING PERSONS members, including without limitation any claims arising out of the acts, facts, transactions, occurrences, representations, or omissions set forth in the Amended Complaint in this action, through and including the date the COURT enters the PRELIMINARY APPROVAL ORDER, under Wisconsin state and federal law as described above, upon satisfaction of all payments and obligations hereunder. The parties agree to submit all briefing in support of their request for final approval of the settlement not later than ten days prior to the date of the FINAL APPROVAL HEARING. Except to the extent provided below in Paragraph IX, the PARTIES agree to use their best efforts to affect these goals at the FINAL APPROVAL HEARING.

-17-

## VI. NOTICE TO SETTLEMENT CLASSES

A. Within 10 days of the Court's order preliminarily approving the SETTLEMENT AGREEMENT, CLASS NOTICE, RULE 23 CLAIM FORM, and FLSA RELEASE, Plaintiff's counsel shall mail the same to the SETTLEMENT CLASS. Only FLSA CLASS MEMBERS will receive the RELEASE. RULE 23 CLAIM FORMS and FLSA RELEASES postmarked more than 60 days after Plaintiff's counsel mails the same shall be considered untimely and invalid. Plaintiff's counsel shall remain free to contact members of the SETTLEMENT CLASS during the sixty (60) day notice period, however Plaintiff's counsel shall not intentionally attempt to contact members of the SETTLEMENT CLASS while they are performing work for DEFENDANT. Plaintiff's counsel shall post the CLASS NOTICE, RULE 23 CLAIM FORM, AND FLSA RELEASE on a website on the same day the said document are mailed to the CLASS MEMBERS which shall remain active during the sixty (60) day notice period. The cost of the website shall be borne by Plaintiff's counsel and the content of the website shall be agreed to by both parties.

## VII. BINDING EFFECT; EXCLUSION, OPT-OUT AND OBJECTION RIGHTS

A. RIGHT OF MEMBERS OF WISCONSIN STATE LAW CLASS TO OPT OUT AND BE EXCLUDED:

Any member of the WISCONSIN WAGE CLASS may elect to opt-out and be excluded from the WISCONSIN WAGE CLASS at any time during the opt-out period. For a WISCONSIN WAGE CLASS member's opt-out election to be effective, any such election must be made in writing; must contain the name, address, telephone number and Social Security Number of the individual requesting exclusion; must be signed by the individual who is electing to be excluded and opt-out; must be mailed to CLASS COUNSEL so that it is postmarked on or

-18-

before sixty (60) days after the date the CLASS NOTICE and CLAIM FORM were first mailed to members of the SETTLEMENT CLASSES; and must state:

> "I WISH TO BE EXCLUDED FROM THE SETTLEMENT CLASS IN BRABAZON V. AURORA HEALTH CARE, INC., PENDING BEFORE THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF WISCONSIN, CASE NO. 10-C-0714. I UNDERSTAND THAT IF I ASK TO BE EXCLUDED FROM THE SETTLEMENT CLASS, I WILL NOT RECEIVE ANY MONEY FROM THE SETTLEMENT."

Any member of the WISCONSIN WAGE CLASS who timely requests exclusion and opts-out in compliance with these requirements: (i) shall not have any rights under this SETTLEMENT AGREEMENT; (ii) shall not be entitled to receive SETTLEMENT PROCEEDS; and (iii) shall not be bound by this SETTLEMENT AGREEMENT, the FINAL APPROVAL ORDER, or the judgment.

B.     BINDING EFFECT ON MEMBERS OF FINAL SETTLEMENT CLASSES:

Except for those members of the WISCONSIN WAGE CLASS who timely and validly exclude themselves from the class in compliance with the procedures set forth above, and FLSA class members who fail to return a timely executed RELEASE, all members of the WISCONSIN WAGE CLASS and FLSA CLASS will be deemed to be members of the FINAL SETTLEMENT CLASSES for all purposes under this SETTLEMENT AGREEMENT; will be bound by the terms and conditions of this SETTLEMENT AGREEMENT, the FINAL APPROVAL ORDER, the judgment, and the releases set forth herein and will be deemed to have waived all objections and opposition to the fairness, reasonableness, and adequacy of the settlement.

C.     RIGHT TO OBJECT:

Any member of the SETTLEMENT CLASSES may enter an appearance in the LITIGATION at his or her own expense, individually or through counsel of their own choice.

-19-

Any member of the SETTLEMENT CLASSES who does not enter an appearance or opt-out of the settlement will be represented by CLASS COUNSEL.

D.    RIGHT TO RECEIVE SETTLEMENT PROCEEDS:

As a condition for receipt of any SETTLEMENT PROCEEDS provided for in this SETTLEMENT AGREEMENT, and in consideration thereof, each member of the WISCONSIN WAGE CLASS, or the authorized legal representative of such member must timely execute and submit a properly completed RULE 23 CLAIM FORM, including a release and waiver of any and all wage-related claims of any kind as further described in this SETTLEMENT AGREEMENT and the RULE 23 CLAIM FORM. As a condition for receipt of any SETTLEMENT PROCEEDS provided for in this SETTLEMENT AGREEMENT, and in consideration thereof, each member of the FLSA CLASS, or the authorized legal representative of such member must timely execute and submit a properly completed FLSA RELEASE. Members of the SETTLEMENT CLASSES must timely submit a properly completed RULE 23 CLAIM FORM or FLSA RELASE to CLASS COUNSEL so that it is postmarked on or before sixty (60) days after the date the CLASS NOTICE was first mailed to members of the SETTLEMENT CLASSES in order to receive any settlement funds from this settlement. In the event a member of the SETTLEMENT CLASSES timely submits a RULE 23 CLAIM FORM or FLSA RELEASE but omits any required information, CLASS COUNSEL shall immediately notify such member of the omitted information and provide the member of the SETTLEMENT CLASSES with twenty (20) days from CLASS COUNSEL'S receipt of the deficient RULE 23 CLAIM FORM or FLSA RELEASE to cure any deficiencies.

## VIII.  DUTIES OF THE PARTIES FOLLOWING FINAL COURT APPROVAL

A.    The PARTIES will submit a proposed FINAL APPROVAL ORDER and judgment for review by the COURT at the FINAL APPROVAL HEARING:

-20-

1.  Approving the settlement, adjudging the terms thereof to be fair, reasonable and adequate, and directing consummation of its terms and provisions.

2.  Approving CLASS COUNSEL'S application for an award of attorneys' fees, costs, and expenses (including but not limited to any fees, costs, and expenses related to testifying and non-testifying experts and consultants).

3.  Certifying the WISCONSIN WAGE CLASS for purposes of settlement only.

4.  Dismissing the LITIGATION on the merits and with prejudice.

## IX.    TERMINATION OF THE SETTLEMENT AGREEMENT

A.    GROUNDS FOR SETTLEMENT TERMINATION:

This SETTLEMENT AGREEMENT may be terminated on the following grounds:

1.  Any PARTY may terminate the SETTLEMENT AGREEMENT if the entry of a FINAL APPROVAL ORDER or judgment, or the settlement as agreed does not become final for any other reason, provided, the PARTIES agree to work cooperatively and in good faith, including mediating any unresolved differences to address and resolve any concerns identified by the COURT or a Court of Appeal in declining to enter the PRELIMINARY APPROVAL ORDER, FINAL APPROVAL ORDER or judgment in the form submitted by the PARTIES.

B.    EFFECT OF TERMINATION:

Termination shall have the following effects:

1.  The SETTLEMENT AGREEMENT shall be terminated as to the affected PARTIES and shall have no force or effect, and no PARTY shall be bound by any of its terms with respect to the tem1inating PARTIES;

-21-

2.     In the event the settlement is terminated, DEFENDANT shall have no obligation to make any payments to any party, class member or attorney;

3.     Any PRELIMINARY APPROVAL ORDER, FINAL APPROVAL ORDER and judgment, including any order of class certification pursuant to this SETTLEMENT AGREEMENT, shall be vacated;

4.     The SETTLEMENT AGREEMENT and all negotiations, statements and proceedings relating thereto shall be without prejudice to the rights of any of the PARTIES, all of whom shall be restored to their respective positions in the action prior to the settlement; and

5.     Neither this SETTLEMENT AGREEMENT, nor any ancillary documents, actions, statements or filings in furtherance of settlement (including all matters associated with the mediation) shall be admissible or offered into evidence in the LITIGATION or any other action for any purpose whatsoever.

## X.     PARTIES' AUTHORITY

A.     The signatories hereby represent that they are fully authorized to enter into this SETTLEMENT AGREEMENT and bind the PARTIES hereto to the terms and conditions hereof.

B.     CLASS COUNSEL hereby represent that they have retainer agreements and/or authorizations to bind the named PLAINTIFF and the opt-in plaintiffs, and to execute this SETTLEMENT AGREEMENT on their behalf.

## XI.     MUTUAL FULL COOPERATION

The PARTIES agree to fully cooperate with each other to accomplish the terms of the SETTLEMENT AGREEMENT, including, but not limited to, to execute such documents and to take such other action as may reasonably be necessary to implement the terms of the SETTLEMENT AGREEMENT. The PARTIES to the SETTLEMENT AGREEMENT shall use

-22-

their best efforts, including all efforts contemplated by the SETTLEMENT AGREEMENT and any other efforts that may become necessary by order of the COURT, or otherwise, to effectuate the SETTLEMENT AGREEMENT and the terms set forth herein. As soon as practicable after execution of the SETTLEMENT AGREEMENT, CLASS COUNSEL shall, with the assistance and cooperation of DEFENDANT and its counsel, take all necessary steps to secure the COURT'S final approval of the SETTLEMENT AGREEMENT.

## XII.   NOTICES

Unless otherwise specifically provided herein, all notices, demands or other communications given hereunder shall be in writing and shall be deemed to have been duly given as of the third business day after mailing by United States registered or certified mail, return receipt requested, addressed as follows:

To the Plaintiff Classes:

>     William E. Parsons
>     David C. Zoeller
>     Hawks Quindel, S.C.
>     222 W. Washington Ave., Suite 450
>     P.O. Box 2155
>     Madison, WI 53701-2155
>     wparsons@hq-law.com
>     dzoeller@hq-law.com

To the DEFENDANT:

>     Mary Pat Ninneman
>     Sean M. Scullen
>     Christopher L. Nickels
>     Quarles & Brady LLP
>     411 East Wisconsin Avenue
>     Milwaukee, Wisconsin 53202
>     mary.pat.ninneman@quarles.com
>     sean.scullen@quarles.com
>     christopher.nickels@quarles.com

-23-

## XIII.  CONSTRUCTION

The PARTIES hereto agree that the terms and conditions of the SETTLEMENT AGREEMENT are the result of lengthy, intensive, arms-length negotiations among the PARTIES, and that the SETTLEMENT AGREEMENT shall not be construed in favor of or against any party by reason of the extent to which any party or his, her or its counsel participated in the drafting of the SETTLEMENT AGREEMENT.

## XIV.  CLASS COUNSEL SIGNATORIES

It is agreed that because the members of the SETTLEMENT CLASSES are so numerous, it is impossible or impractical to have each member of the SETTLEMENT CLASSES execute the SETTLEMENT AGREEMENT.  The CLASS NOTICE will advise all members of the SETTLEMENT CLASSES of the binding nature of the release, and that the release will have the same force and effect as if the SETTLEMENT AGREEMENT were executed by each member of the SETTLEMENT CLASSES.

## XV.  COUNTERPARTS

The SETTLEMENT AGREEMENT may be executed in counterparts, and when each party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one SETTLEMENT AGREEMENT, which shall be binding upon and effective as to all PARTIES.

QB\13683713.4

IN WITNESS WHEREOF, the undersigned have duly executed this SETTLEMENT

AGREEMENT

**CLASS COUNSEL:**

**HAWKS QUINDEL, S.C.**

_____        _____
Date                             William E. Parsons
                                 Attorneys for Jerry A. Brabazon, individually and on
                                 behalf of all others similarly situated

**DEFENDANTS:**

**AURORA HEALTH CARE, INC.**

_____        By: _____
Date

**QUARLES & BRADY LLP**

_____        By: _____
Date                             Sean M. Scullen
                                 Attorneys for Defendant

-25-

# Exhibit 1

PLEASE NOTE THE FOLLOWING CONFIDENTIAL NOTICE IS PROVIDED FOR
INFORMATIONAL PURPOSES PURSUANT TO SECTION 1715 OF THE CLASS ACTION
FAIRNESS ACT OF 2005 ("CAFA"). PURSUANT TO CAFA SECTION 1715(F) THIS
NOTICE DOES NOT REQUIRE YOU TO TAKE ANY AFFIRMATIVE ACTION.

July __, 2011

**BY CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**

Attorney General Eric H. Holder, Jr.
Office of the Attorney General
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530-00001

    **RE:**    **Class Action Fairness Act Notice**
                **Brabazon v. Aurora Health Care, Inc.**
                **U.S. District Court, Eastern District of Wisconsin, Case No. 10-C-0714**

Dear Attorney General Holder:

On behalf of Aurora Health Care, Inc. ("Aurora"), we are sending you this notice in
accordance with the Class Action Fairness Act of 2005, 28 U.S.C. § 1711 *et seq.*, to advise you
that a proposed class action settlement has been filed with the United States District Court for the
Eastern District of Wisconsin on July 22, 2011 in the above-captioned action.

On August 20, 2010 plaintiff Jerry A. Brabazon filed suit on behalf of himself and all
similarly situated employees of Aurora asserting violations of the Fair Labor Standards Act, 29
U.S.C. § 201 *et seq.* ("FLSA") and Wisconsin wage payment laws. On December 3, 2010,
plaintiff filed the operative first amended complaint alleging that Aurora violated various wage
payment and overtime laws by failing to properly compensate plaintiff and a putative class of
Aurora security officers.

By Order entered on March 28, 2011 the Court conditionally certified an FLSA class of
current and former Aurora security officers. After distribution of notice to the individuals in the
conditionally certified class, fifty-one persons opted into the action.

After extensive discovery and investigation, and as a result of one full day of mediation and several months of arm's-length negotiations, the parties reached a settlement on July __, 2011. The basis for and the terms of the parties' proposed settlement are set out in the parties' Joint Motion for Preliminary Approval of Proposed Settlement, Class Certification and Form of Class Notice and Claim Waiver and Release Form, which we attach for your convenience.

In accordance with 28 U.S.C. § 1715, we also provide the following documents:

- Complaint;

- First Amended Complaint;

- March 28, 2011 Conditional Certification Order;

- Joint Motion for Preliminary Approval of Proposed Settlement;

- Stipulation and Settlement Agreement;

- Claim Form;

- Class Notice; and

- List of Names of Class Members and the estimated proportionate share of their claims. (**Plaintiff to Generate**)

The Court has not scheduled a hearing for preliminary or final approval of the settlement and has not entered a final judgment or notice of dismissal in this action. There is no settlement, side agreement or other agreement made between class counsel and counsel for Aurora other than the Stipulation and Settlement Agreement to settle the class and collective action.

Please contact me if you have any questions.

<div style="margin-left: 50%;">

Very truly yours,

QUARLES & BRADY LLP


Sean M. Scullen
</div>

Enclosures

cc:    Jim J. Chiolino
        c/o Equal Rights Division
        Wisconsin Department of Workforce Development
        P.O. Box 8928
        Madison, WI 53708-8928

        William E. Parsons, Esq.
        David Zoeller, Esq.
        Hawks Quindel, S.C.
        P.O. Box 2155
        Madison, WI 53701-2155

# Exhibit 2

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF WISCONSIN

JERRY A. BRABAZON, individually and on
behalf of all others similarly situated,

       Plaintiff,

    v.                                      Case No. 10-CV-714

AURORA HEALTH CARE, INC.,
       Defendant.

## CLAIM FORM

### YOU ARE RECEIVING THIS CLAIM FORM BECAUSE YOU MAY BE A MEMBER OF A CLASS ACTION LAWSUIT. YOUR RIGHTS IN THE SETTLEMENT OF THIS CASE ARE OUTLINED IN THE NOTICE THAT ACCOMPANIES THIS CLAIM FORM.

If you wish to participate in this lawsuit, and to receive your portion of the settlement funds, you must complete and return this claim form. In order to be timely, this claim form must be postmarked by **[60 days from mailing]**.

**Your individual claim amount is: $XXX**

If the following statement is true, please sign below:

I was employed by Aurora in Wisconsin anytime after August 20, 2008 and had one or more meal period(s) deducted while working as a security officer.

I understand that Defendant will have the opportunity to review my answer and challenge this claim form if it disagrees with my answer. I declare under penalty of perjury that my response on this form is true and correct.

If you wish to participate in this settlement and receive the payment above, then when Court approval of the Settlement becomes final, you will release and forever discharge Aurora from any and all claims, demands, actions, causes of action, rights, offsets, liens, or liabilities, you have had, now have, or may have in the future during the time period from August 20, 2007 through the date of this agreement under:

      a.  The FLSA;

QB\13972772.2

b.  Wisconsin wage and hour statutes;

This means that in exchange for receiving payment, you forever completely release, discharge and hold harmless Aurora from any and all wage and/or compensation-related claims of any kind, including but not limited to claims pursuant to the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201, et. seq., the wage and hour laws and regulations of the State of Wisconsin, wage and hour related claims under Chapters 103, 104, 109, and 111 of the Wisconsin Statutes; Chapters DWD 272, 274, and 275 of the Wisconsin Administrative Code that you have, had, might have or might have had against Aurora based on any act or omission that occurred up to and including the date the court enters a preliminary approval order, in any way related to any of the facts or claims alleged or could have been alleged in the litigation or by reason of the negotiations leading to this settlement, even if presently unknown and/or un-asserted.  The matters released by you also include any FLSA retaliation claims that could be brought based on any act or omission that occurred up to and including the date the court enters a preliminary approval order; any breach of contract claims; and any state common law wage claims, including, but not limited to claims of unjust enrichment and quantum merit; and any and all claims pursuant to or derived from The Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq., that arise from any alleged failure to pay wages, including any claims for benefits under any benefit plans subject to ERISA that arise from any such alleged failure.


Date:_____          Signature:_____


Print Name:          _____
Address:             _____
City / State / Zip:   _____
Telephone:           _____

# Exhibit 3

# If you worked as a security officer at Aurora Healthcare, Inc. ("Aurora") between the dates of August 20, 2008 and DATE OF PRELIMINARY APPROVAL ORDER, you may be entitled to benefits under this settlement.

**THIS NOTICE AFFECTS YOUR LEGAL RIGHTS. PLEASE READ IT CAREFULLY.**

*This is not a solicitation from a lawyer. A Federal Court has authorized this Notice.*

# NOTICE OF CLASS ACTION SETTLEMENT:

TO:    [NAME]

RE:    Settlement of Claims for Alleged Unpaid Meal Periods

- Jerry Brabazon, (the "Class Representative"), a former Aurora security officer, sued Aurora for allegedly failing to properly pay wages for on duty meal periods which were automatically deducted from his pay.

- For settlement purposes, the Court certified this case as a class action on behalf of current and former security officers who worked for Aurora at any time from August 20, 2008 through DATE OF PRELIMINARY APPROVAL ORDER.

- This Notice is to inform you about the status of the lawsuit, including your potential right to receive a share of the settlement funds. **Your legal rights are affected and you have a choice to make in this action now:**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **PARTICIPATE IN THE SETTLEMENT** | No action is required if you wish to be included in the Settlement. |
| **EXCLUDE YOURSELF** | You will be unable to participate in the Settlement if you choose this option, but will retain any rights you may have against Aurora over the claims in this case. |
| **OBJECT** | Write the Court about why you do not like the Settlement. |
| **ATTEND THE HEARING** | Ask to speak to the Court about the fairness of the Settlement. |

Your options are explained in this Notice. Please read it carefully. To exclude yourself from the Settlement you must act before [60 days from mailing]

## 1. What is this lawsuit about?

On August 20, 2010, the Class Representative filed a lawsuit in the United States District Court for the Eastern District of Wisconsin on behalf of himself and others similarly situated security officers employed by Aurora. The lawsuit alleges violations of the Fair Labor Standards Act as well as Wisconsin state law and seeks back wages, interest, liquidated damages, and attorneys' fees.

Specifically, the Class Representative alleged that Aurora failed to properly compensate him and other similarly situated employees for the time spent working during unpaid meal periods. Aurora denied and continues to deny the allegations in the Lawsuit and contends that its policies and practices regarding compensation were proper and in compliance with the law at all times. Aurora wishes to settle this litigation, however, to avoid costly, and time-consuming litigation but does not admit to any wrongdoing or liability.

## 2. Who is included in the Settlement Class?

The following Settlement Class has been certified: all security officers who worked for Aurora at any time from August 20, 2008 to DATE OF PRELIMINARY APPROVAL ORDER.

## 3. What are the Benefits and Terms of the Settlement?

To settle this case, Aurora agreed to pay up to a total of $480,000.00 ("Settlement Fund"), inclusive of all alleged unpaid wages, liquidated damages, penalties, interest, costs, and attorneys' fees. If you elect to participate, you shall receive, if the Court approves the Settlement, a portion of the Settlement Fund, after payment of attorneys' fees, costs and expenses. Each participating Class Member will be entitled to receive a payment amount to be determined by the number of meal breaks deducted from each employee's pay and the employee's average regular rate of pay. **Assuming the Court approves the Settlement as submitted, the gross settlement amount you will receive will be approximately:**

**[SETTLEMENT AMOUNT].**

2

## 4. Who is Class Counsel?

The Court appointed the following lawyers as Class Counsel to represent the certified Settlement Class:

> William E. Parsons
> Hawks Quindel, S.C.
> 222 W. Washington Ave. Suite 450
> Madison, Wisconsin 53703.
> **(608) 257-0040**
> **wparsons@hq-law.com**

## 5. How much are Attorneys' Fees?

Class Counsel has pursued the lawsuit on a contingent basis and has not received any payment of fees or any reimbursement of their out-of-pocket expenses related to the recovery on behalf of the Class. As part of the Settlement, subject to Court approval, Class Counsel will apply for fees and expenses in an amount not to exceed $170,000. Under this Settlement, Class Counsel will recover compensation from the Settlement Fund. Participating Class Members will not be required to make any payments to Class Counsel for attorneys' fees or other litigation costs from their individual settlement amounts. Class Members may object to the terms of the Settlement and/or to the Class Counsel's request for attorneys' fees and expenses, pursuant to Paragraph 9(c).

## 6. What happens if the Court Approves the Settlement?

If the Court approves the proposed Settlement, it will enter a judgment that will dismiss the Litigation with prejudice on the merits as to all Class Members who do not exclude themselves. This means that Class Members who do not exclude themselves will be barred from bringing their own lawsuits for recovery against Aurora for all federal and Wisconsin state wage and hour claims that arose in the course of such Class Member's employment with Aurora as a security officer from August 20, 2008 through DATE OF PRELIMINARY APPROVAL ORDER.

Class Members who validly and timely request exclusion from the Settlement, will not release any federal or Wisconsin state wage and hours claims, if any.

## 7. What happens if the Court does not approve the Settlement?

If the Court does not approve the proposed Settlement, the case will proceed as if no settlement has been attempted and there can be no assurance that the class will recover more than is provided for in this Settlement, or indeed, anything.

3

## 8. When is the Fairness Hearing?

A hearing will be held before the Honorable Judge JD Stadtmueller the United States District Court for the Eastern District of Wisconsin on [INSERT DATE] at [INSERT TIME] at 517 East Wisconsin Avenue, Milwaukee, Wisconsin. The purpose of the hearing is for the Court to decide whether the proposed Settlement is fair, reasonable, and adequate and should be approved and, if so, to determine what amount of attorneys' fees and expenses should be awarded to Class Counsel. The time and date of this hearing may be changed without further notice.

## 9. What are my options regarding the Settlement?

If you are receiving this Notice, you have the following options:

      A.    **Participate in the Settlement:** Do nothing and, assuming the Court approves the Settlement, receive a check in the approximate gross (before withholding and deductions) amount of $[Amount].

      B.    **Request to be Excluded:** If you wish to be excluded from the Settlement Class, you must submit a request for exclusion. To be effective, the request for exclusion must: (i) include your full name, address, and telephone number; (ii) include your dates of employment and job title(s) while employed with Aurora; and, (iii) specifically state your desire to be excluded from the settlement in *Brabazon v. Aurora Health Care, Inc.*, Case No. 10-cv-714. Your request must be postmarked by [INSERT 60 days from mailing] and mailed to William E. Parsons, Hawks Quindel, S.C., 222 W. Washington Ave. Suite 450, Madison, Wisconsin 53703. **If you exclude yourself, you will not receive any monies from the Settlement.**

Failure to include the required information or to timely submit your request will result in your remaining a member of the Settlement Class and being bound by any final judgment. If you validly and timely request exclusion from the Settlement Class, you will not be bound by any final judgment, and you will not be precluded from instituting or prosecuting any individual claim you may otherwise have against Aurora related to the subject matter of this Lawsuit.

      C.    **Object:** If you are a Class Member and you do not request to be excluded, you may object to the terms of the Settlement and/or to the Class Counsel's requests for attorneys' fees and expenses. If you object and the Settlement is approved, and you fail to submit a timely valid request to be excluded, you will be barred from bringing your own individual lawsuit asserting claims related to the matters released through this Settlement, and you will be bound by the final judgment and release and all Orders entered by the Court. You may, but need not, enter an appearance through counsel of your choice. If you do, you will be responsible for your own attorneys' fees and costs.

If you object to the Settlement and/or to the Class Counsel's request for attorneys' fees and expenses, you must, on or before [60 days from mailing Notice]: (1) file with the Clerk of the United States District Court for the Eastern District of Wisconsin, and (2) serve upon William E. Parsons, Hawks Quindel, S.C., 222 W. Washington Ave. Suite 450, Madison, Wisconsin 53703 (Class Counsel), and to Sean Scullen, Quarles and Brady, LLP, 411 East Wisconsin Avenue, Suite 2040, Milwaukee, Wisconsin 53202 (Counsel for Aurora), a written objection including: (i)

<div align="center">4</div>

your full name, address, and telephone number; (ii) your dates of employment and job title(s) while employed with Aurora; (iii) a written statement of all grounds for the objection accompanied by any legal support for such objections; (iv) copies of any papers, briefs, or other documents upon which the objection is based; (v) a list of all persons who will be called to testify in support of the objection; (vi) a statement of whether you intend to appear at the Fairness Hearing; and (vii) your signature, even if you are represented by counsel. If you intend to appear at the Fairness Hearing through counsel, the objection must also state the identity of all attorneys representing you who will appear at the Fairness Hearing. Settlement Class Members who do not timely make their objections in this manner will be deemed to have waived all objections and shall not be heard or have the right to appeal approval of the Settlement.

**10. Are there more details available?**

For additional information you may contact Class Counsel by (a) calling William E. Parsons at 608-257-0040, or (b) sending correspondence to William E. Parsons, Hawks Quindel, S.C., 222 W. Washington Ave. Suite 450, Madison, Wisconsin 53703, wparsons@hq-law.com.

**NO INQUIRES SHOULD BE DIRECTED TO THE COURT.**

Dated: _____

BY ORDER OF THE COURT
Clerk of the Court

# Exhibit 4

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF WISCONSIN

JERRY A. BRABAZON, individually and on
behalf of all others similarly situated,
            Plaintiff,

    v.                                              Case No. 10-CV-714

AURORA HEALTH CARE, INC.,
            Defendant.

## FLSA SETTLEMENT OFFER & RELEASE

Date
Name
Address
City, State Zip

Re:   *Brabazon v. Aurora Health Care, Inc.* – Wage & Hour Settlement
     United States District Court, Eastern District of Wisconsin

**PLEASE READ THIS SETTLEMENT OFFER & RELEASE CAREFULLY AND IN ITS ENTIRETY. YOUR RIGHTS WILL BE AFFECTED BY PROCEEDINGS IN THIS ACTION.**

**AS AN OPT-IN PLAINTIFF WHO FILED A CONSENT FORM IN THE ABOVE-REFERENCED ACTION YOU WILL BE ENTITLED TO RECEIVE A PAYMENT PURSUANT TO THE PROPOSED SETTLEMENT DESCRIBED HEREIN, PENDING FINAL APPROVAL BY THE COURT.**

1. You previously returned a Consent Form to participate in the above-referenced lawsuit, which is now being settled. Under the terms of the Settlement, you will receive a payment of $_____ for settlement of your claims in the lawsuit, which will occur after the Court approves the Settlement as final.

QB\13972554.2

2. **If you do not wish to remain a participant in the case, and wish to reject this offer, you must request in writing to be withdrawn from the case and to be excluded from the Settlement.** To be effective, the request for withdrawal and exclusion must: (i) include your full name, address, and telephone number; (ii) include your dates of employment and job title(s) while employed with Aurora; and, (iii) specifically state your desire to be excluded from the settlement and withdrawn from *Brabazon v. Aurora Health Care, Inc.*, Case No. 10-cv-714. Your request must be postmarked by [INSERT 60 days from mailing] and mailed to William E. Parsons, Hawks Quindel, S.C. 222 W. Washington Ave. Suite 450, Madison, Wisconsin 53703. **If you exclude yourself, you will <u>not</u> receive any monies from the Settlement.**

3. **If you remain in the case, you will release the claims described in paragraph 4 below and will be permanently barred from asserting any of the claims described in paragraph 4.**

4. If you wish to participate in this settlement and receive the payment above, then when Court approval of the Settlement becomes final, you will release and forever discharge Aurora from any and all claims, demands, actions, causes of action, rights, offsets, liens, or liabilities, you have had, now have, or may have in the future during the time period from August 20, 2007 through the date of this agreement under:

   a. The FLSA;
   b. Wisconsin wage and hour statutes;

   This means that in exchange for receiving payment, you forever completely release, discharge and hold harmless Aurora from any and all wage and/or compensation-related claims of any kind, including but not limited to claims pursuant to the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201, et. seq., the wage and hour laws and regulations of the State of Wisconsin, wage and hour related claims under Chapters 103, 104, 109, and 111 of the Wisconsin Statutes; Chapters DWD 272, 274, and 275 of the Wisconsin Administrative Code that you have, had, might have or might have had against Aurora based on any act or omission that occurred up to and including the date the court enters a preliminary approval order, in any way related to any of the facts or claims alleged or could have been alleged in the litigation or by reason of the negotiations leading to this settlement, even if presently unknown and/or un-asserted. The matters released by you also include any FLSA retaliation claims that could be brought based on any act or omission that occurred up to and including the date the court enters a preliminary approval order; any breach of contract claims; and any state common law wage claims, including, but not limited to claims of unjust enrichment and quantum merit; and any and all claims pursuant to or derived from The Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq., that arise from any alleged failure to pay

wages, including any claims for benefits under any benefit plans subject to ERISA that arise from any such alleged failure.

**IN ORDER TO RECEIVE THIS SETTLEMENT AMOUNT, YOU MUST SIGN AND RETURN THIS FORM IN THE ENCLOSED, POSTAGE-PAID ENVELOPE.** You may also fax the form to 608/256-0236. It must be postmarked by [Date].

I wish to receive the settlement payment outlined above and release the claims outlined above.:

Date:_____          Signature:_____

Print Name:          _____

Telephone:          _____

If different than address listed above:

Address:          _____

City / State / Zip:          _____