# Exhibit B

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

---

JERRY A. BRABAZON, individually and on
behalf of all others similarly situated,

    Plaintiff,

v.

Case No. 10-CV-714

AURORA HEALTH CARE, INC.,

    Defendant.

---

## JOINT STIPULATION FOR CLASS CERTIFICATION PURSUANT TO FED. R. CIV. P 23

---

The parties, by and through their counsel of record, submit this Joint Stipulation and Proposed Order for Class Certification pursuant to Fed. R. Civ. P. 23. This stipulation is entered into, and the class is certified, as a condition and for purposes of the settlement reached between the parties only.

1. The parties, through negotiation, reached a settlement in this case on June 20, 2011. In connection with this settlement, the parties agreed to stipulate to certification of the proposed Fed. R. Civ. P. 23 Class defined below, for settlement purposes only.

2. Pursuant to the Court's order, the following class of Defendant Aurora Health Care, Inc. ("Aurora") employees is certified under Fed. R. Civ. P. 23; that class is defined as:

> All persons who have been and are employed by Aurora as
> security officers at any time and who had meal periods deducted
> while working as a security officer during the period from
> August 20, 2008 to the date the Court grants preliminary approval
> of the parties' settlement.

QB\13852034.1

3. The parties stipulate and agree that the requisites for establishing Fed. R. Civ. P. 23 class certification with respect to the class of Aurora security officer employees have been and are met. More specifically, the parties stipulate and agree that:

    i. The Class is so numerous (approximately 200 putative class members) as to make it impracticable to join all Class Members and that;

    ii. There are common questions of law and fact including, but not limited to, the following:

        (a) Whether Aurora violated the requirements of Wis. Stat. § 104.02 and Wis. Admin. Code § 272.03 by failing to pay wages to Brabazon and members of the putative class;

        (b) Whether Aurora violated the requirements of Wis. Code § DWD 272.04(1) by failing to pay Brabazon and members of the putative class for on-duty meal periods;

        (c) Whether Aurora violated the requirements of Wis. Code § DWD 272.12(1) by failing to pay Brabazon and putative class members for time spent in "physical or mental exertion" as required by and primarily for the benefit of the employer;

        (d) Whether Aurora violated the requirements of Wis. Code § DWD 272.12(2) by failing to pay Brabazon

QB\13852034.1

and putative class members for meal periods which did not constitute bona fide meal periods;

(e) Whether Aurora's policies effectively prohibited Brabazon and the putative class members from leaving the premises of the employer during 30-minute meal periods;

(f) Whether Aurora failed to pay Brabazon and the putative class members for interrupted 30-minute meal periods.

(g) The nature and amount of compensable work performed by the Named Plaintiff and members of the putative class;

(h) The proper measure of damages sustained by the Named Plaintiff and members of the putative class.

iii. Plaintiff Jerry A. Brabazon (the "Named Plaintiff") has claims typical of the claims of Class Members with respect to the violations alleged in Plaintiff's Amended Complaint;

iv. The Named Plaintiff and Plaintiff's counsel will fairly and adequately protect the interests of the class;

v. The prosecution of separate actions by individual Class members would create the risk of inconsistent or varying adjudications, which would establish incompatible standards of conduct; and

3

    vi.    Questions of law and fact common to the members of the Class predominate over any questions affecting any individual member of the Class and a class action is superior to other available means for the fair and efficient adjudication of this controversy.

4. Subject to the Court's grant of Preliminary Approval of Class Action Settlement, the parties intend to send Notice to the class members in the form attached as Exhibit 3 to the parties' Settlement Agreement and Release of Claims.

5. If the parties' proposed settlement is not finally approved by the Court, or the settlement is terminated or fails to become effective in accordance with the terms of the Settlement Agreement, this Stipulation and the Court's Order as to this Stipulation shall be vacated without further order of the Court and without prejudice to the right of any party to seek or oppose class certification thereafter.

Dated this 22nd day of July, 2011.

                              HAWKS QUINDEL, S.C.

                              s/William E. Parsons
                              William E. Parsons, State Bar No. 1048594
                              Email: wparsons@hq.law.com
                              David C. Zoeller, State Bar No. 1052017
                              Email: dzoeller@hq-law.com
                              222 W. Washington Ave. Suite 450
                              PO Box 2155
                              Madison, WI 53703
                              Telephone: 608/257-0040
                              Facsimile: 608/256-0236

                              *Attorneys for the Plaintiffs*

Dated this 22nd day of July, 2011.

                              QUARLES & BRADY LLP

                              s/Sean M. Scullen
                              Sean M. Scullen
                              State Bar No. 1034221
                              Mary Pat Ninneman
                              State Bar No. 1016956
                              Christopher L. Nickels
                              State Bar No. 1083481
                              411 E. Wisconsin Ave., Suite 2040
                              Milwaukee, WI  53202-4497
                              Telephone:  414-277-5421
                              Facsimile:  (414) 978-8978
                              E-mail:  sean.scullen@quarles.com

                              *Attorneys for Defendant*
                              *Aurora Health Care, Inc.*