UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
_____

JERRY A. BRABAZON, individually and
on behalf of all others similarly situated,

        Plaintiff,

v.                                                                    Case No. 10-CV-714

AURORA HEALTH CARE, INC.,

        Defendant.
_____

# ORDER

WHEREAS, the Parties have made an application for an order preliminarily approving the settlement of this litigation as stated in the Parties' Settlement Agreement and Release of Claims ("Settlement Agreement") which, together with the exhibits attached thereto, sets forth the terms and conditions for a proposed settlement of the litigation and for dismissal of the litigation upon the terms and conditions set forth therein;

WHEREAS, the Court has read and considered the Settlement Agreement, the exhibits attached thereto, and the briefing submitted in support of preliminary approval of the settlement;

**IT IS HEREBY ORDERED**:

1. The court hereby preliminarily approves the Settlement Agreement and the terms set forth therein as being fair, reasonable and adequate. The Settlement Agreement is the result of arm's-length negotiations between experienced attorneys

who are familiar with class action litigation in general and with the legal and factual issues of this case in particular.

2. The Court has considered the pleadings and arguments made by the parties in this litigation and in support of the Motion for Preliminary Approval of Class Settlement and finds that the proposed Settlement Classes are proper and that the Court had jurisdiction over the claims and parties alleged in Plaintiff's First Amended Complaint.

3. By Order entered March 28, 2011, the Court conditionally certified the Plaintiff's requested opt-in FLSA class of current and former employees of Defendant.

4. Solely for purposes of the proposed settlement, the following settlement class is hereby certified pursuant to Rule 23 of the Federal Rules of Civil Procedure: All persons who have been and are employed by Aurora as security officers at any time and who had meal periods deducted while working as a security officer during the period from August 20, 2008 to the date the Court grants preliminary approval of the parties' settlement.

5. Solely for purposes of the proposed settlement, the Court hereby preliminarily approves Hawks Quindel, S.C. as class counsel. The Court also hereby preliminarily approves Jerry A. Brabazon as the class representative.

6. The parties shall contact the court to schedule a hearing for purposes of determining whether the Settlement Agreement should be finally approved. At the hearing, the Court will hear arguments concerning whether the proposed settlement

of the litigation on the terms and conditions provided for in the Settlement Agreement is fair, reasonable and adequate and should be granted final approval by the Court. The Court will also consider class counsel's request for an award of attorneys' fees and costs and for additional payments to be made to the class representative in consideration of the work and services he contributed to the case.

7. The Court approves, as to form and content, the Class Notice, Rule 23 Claim Form and FLSA Release and finds that distribution of such documents in the manner set forth in the Settlement Agreement meets the requirements of federal law and due process, and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all individuals entitled thereto.

8. All class members who are entitled to opt-out of the Settlement Classes and do not do so shall be bound by all determinations and judgments in the litigation concerning the settlement, whether favorable or unfavorable to the Settlement Classes.

9. Members of the Settlement Classes who timely submit a properly completed Rule 23 Claim Form or FLSA Release will be entitled to participate in the settlement, based upon the distribution formulae set forth in the Settlement Agreement. Any member of the Settlement Classes who does not timely submit a properly completed Rule 23 Claim Form or FLSA Release will not receive any settlement proceeds.

10. Any member of the Settlement Classes may enter an appearance in the litigation, at his or her own expense, individually or through counsel of their own

choice. Any member of the Settlement Classes who does not enter an appearance or opt-out of the settlement will be represented by class counsel.

11. Any member of the Settlement Classes who wishes to be excluded (opt out) from the Settlement Classes and not participate in the proposed settlement must sign, date, and return by First Class U.S. Mail or the equivalent a written request for exclusion (as provided in the Class Notice) to class counsel that is postmarked on or before sixty (60) days after the Class Notice was first mailed to members of the Settlement Classes.

12. Any member of the Settlement Classes may appear, at his or her own expense, at the final approval hearing and show cause, if he or she has any, why the proposed Settlement Agreement should or should not be approved. All timely objections shall be considered and ruled upon by the Court at the final approval hearing.

13. At the final approval hearing, the Court shall determine whether the Settlement Agreement, and any application for attorneys' fees or reimbursement or costs, shall be granted final approval.

Dated at Milwaukee, Wisconsin, this 4th day of August, 2011.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge