# Exhibit A

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN

# If you worked as a security officer at Aurora Healthcare, Inc. ("Aurora") between the dates of August 20, 2008 and August 4, 2011 you may be entitled to benefits under this settlement.

**THIS NOTICE AFFECTS YOUR LEGAL RIGHTS. PLEASE READ IT CAREFULLY.**

*This is not a solicitation from a lawyer. A Federal Court has authorized this Notice.*

## NOTICE OF CLASS ACTION SETTLEMENT:

TO:

RE:   Settlement of Claims for Alleged Unpaid Meal Periods

- Jerry Brabazon, (the "Class Representative"), a former Aurora security officer, sued Aurora for allegedly failing to properly pay wages for on duty meal periods which were automatically deducted from his pay.

- For settlement purposes, the Court certified this case as a class action on behalf of current and former security officers who worked for Aurora at any time from August 20, 2008 through August 4, 2011.

- This Notice is to inform you about the status of the lawsuit, including your potential right to receive a share of the settlement funds. **Your legal rights are affected and you have a choice to make in this action now:**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **PARTICIPATE IN THE SETTLEMENT** | You must sign and return the enclosed Claim Form if you wish to Receive Settlement Funds. |
| **EXCLUDE YOURSELF** | You will be unable to participate in the Settlement if you choose this option, but will retain any rights you may have against Aurora over the claims in this case. |
| **OBJECT** | Write the Court about why you do not like the Settlement. |
| **ATTEND THE HEARING** | Ask to speak to the Court about the fairness of the Settlement. |

Your options are explained in this Notice. Please read it carefully. To exclude yourself from the Settlement you must act before 30 DAYS FROM COURT APPROVAL OF NOTICE.

### 1. What is this lawsuit about?

On August 20, 2010, the Class Representative filed a lawsuit in the United States District Court for the Eastern District of Wisconsin on behalf of himself and others similarly situated security officers employed by Aurora. The lawsuit alleges violations of the Fair Labor Standards Act as well as Wisconsin state law and seeks back wages, interest, liquidated damages, and attorneys' fees.

Specifically, the Class Representative alleged that Aurora failed to properly compensate him and other similarly situated employees for the time spent working during unpaid meal periods. Aurora denied and continues to deny the allegations in the Lawsuit and contends that its policies and practices regarding compensation were proper and in compliance with the law at all times. Aurora wishes to settle this litigation, however, to avoid costly, and time-consuming litigation but does not admit to any wrongdoing or liability.

### 2. Who is included in the Settlement Class?

The following Settlement Class has been certified: all security officers who worked for Aurora at any time from August 20, 2008 to August 4, 2011.

### 3. What are the Benefits and Terms of the Settlement?

To settle this case, Aurora agreed to pay up to a total of $480,000.00 ("Settlement Fund"), inclusive of all alleged unpaid wages, liquidated damages, penalties, interest, costs, and attorneys' fees. If you elect to participate, you shall receive, if the Court approves the Settlement, a portion of the Settlement Fund, after payment of attorneys' fees, costs and expenses. Each participating Class Member will be entitled to receive a payment amount to be determined by the number of meal breaks deducted from each employee's pay and the employee's average regular rate of pay. **Assuming the Court approves the Settlement as submitted, the gross settlement amount you will receive will be approximately:**

$$$$$$

### 4. Who is Class Counsel?

The Court appointed the following lawyers as Class Counsel to represent the certified Settlement Class:

> William E. Parsons
> Hawks Quindel, S.C.
> 222 W. Washington Ave. Suite 450
> Madison, Wisconsin 53703.
> **(608) 257-0040**
> **wparsons@hq-law.com**

### 5. How much are Attorneys' Fees?

Class Counsel has pursued the lawsuit on a contingent basis and has not received any payment of fees or any reimbursement of their out-of-pocket expenses related to the recovery on behalf of the Class. As part of the Settlement, subject to Court approval, Class Counsel will apply for fees and expenses in an amount not to exceed $170,000. Under this Settlement, Class Counsel will recover compensation from the Settlement Fund. Participating Class Members will not be required to make any payments to Class Counsel for attorneys' fees or other litigation costs from their individual settlement amounts. Class Members may object to the terms of the Settlement and/or to the Class Counsel's request for attorneys' fees and expenses, pursuant to Paragraph 9(c).

### 6. What happens if the Court Approves the Settlement?

If the Court approves the proposed Settlement, it will enter a judgment that will dismiss the Litigation with prejudice on the merits as to all Class Members who do not exclude themselves. This means that Class Members who do not exclude themselves will be barred from bringing their own lawsuits for recovery against Aurora for all federal and Wisconsin state wage and hour claims that arose in the course of such Class Member's employment with Aurora as a security officer from August 20, 2008 through August 4, 2011.

Class Members who validly and timely request exclusion from the Settlement, will not release any federal or Wisconsin state wage and hours claims, if any.

### 7. What happens if the Court does not approve the Settlement?

If the Court does not approve the proposed Settlement, the case will proceed as if no settlement has been attempted and there can be no assurance that the class will recover more than is provided for in this Settlement, or indeed, anything.

### 8. When is the Fairness Hearing?

If you have an objection to the settlement, a fairness hearing will be scheduled to give you an opportunity to voice your objection. Class counsel will alert you to the date and time such a hearing is set if an objection is filed.

### 9. What are my options regarding the Settlement?

If you are receiving this Notice, you have the following options:

    A.    **Participate in the Settlement:** If you wish to receive Settlement funds, sign and return the enclosed Claim Form and, assuming the Court approves the Settlement, receive a check in the approximate gross (before withholding and deductions) amount of $$$$$$$

    B.    **Request to be Excluded:** If you wish to be excluded from the Settlement Class, you must submit a request for exclusion. To be effective, the request for exclusion must: (i) include your full name, address, and telephone number; (ii) include your dates of employment and job title(s) while employed with Aurora; and, (iii) specifically state your desire to be excluded from the settlement in *Brabazon v. Aurora Health Care, Inc.*, Case No. 10-cv-714. Your request must be postmarked by 30 DAYS FROM COURT APPROVAL OF NOTICE and mailed to William E. Parsons, Hawks Quindel, S.C., 222 W. Washington Ave. Suite 450, Madison, Wisconsin 53703. **If you exclude yourself, you will not receive any monies from the Settlement.**

Failure to include the required information or to timely submit your request will result in your remaining a member of the Settlement Class and being bound by any final judgment. If you validly and timely request exclusion from the Settlement Class, you will not be bound by any final judgment, and you will not be precluded from instituting or prosecuting any individual claim you may otherwise have against Aurora related to the subject matter of this Lawsuit.

    C.    **Object:** If you are a Class Member and you do not request to be excluded, you may object to the terms of the Settlement and/or to the Class Counsel's requests for attorneys' fees and expenses. If you object and the Settlement is approved, and you fail to submit a timely valid request to be excluded, you will be barred from bringing your own individual lawsuit asserting claims related to the matters released through this Settlement, and you will be bound by the final judgment and release and all Orders entered by the Court. You may, but need not, enter an appearance through counsel of your choice. If you do, you will be responsible for your own attorneys' fees and costs.

If you object to the Settlement and/or to the Class Counsel's request for attorneys' fees and expenses, you must, on or before 30 DAYS FROM COURT APPROVAL OF NOTICE: (1) file with the Clerk of the United States District Court for the Eastern District of Wisconsin, and (2) serve upon William E. Parsons, Hawks Quindel, S.C., 222 W. Washington Ave. Suite 450, Madison, Wisconsin 53703 (Class Counsel), and to Sean Scullen, Quarles and Brady, LLP, 411 East Wisconsin Avenue, Suite 2040, Milwaukee, Wisconsin 53202 (Counsel for Aurora), a written objection including: (i) your full name, address, and telephone number; (ii) your dates of

employment and job title(s) while employed with Aurora; (iii) a written statement of all grounds for the objection accompanied by any legal support for such objections; (iv) copies of any papers, briefs, or other documents upon which the objection is based; (v) a list of all persons who will be called to testify in support of the objection; (vi) a statement of whether you intend to appear at the Fairness Hearing; and (vii) your signature, even if you are represented by counsel. If you intend to appear at the Fairness Hearing through counsel, the objection must also state the identity of all attorneys representing you who will appear at the Fairness Hearing. Settlement Class Members who do not timely make their objections in this manner will be deemed to have waived all objections and shall not be heard or have the right to appeal approval of the Settlement.

### 10. Are there more details available?

For additional information you may contact Class Counsel by (a) calling William E. Parsons at 608-257-0040, or (b) sending correspondence to William E. Parsons, Hawks Quindel, S.C., 222 W. Washington Ave. Suite 450, Madison, Wisconsin 53703, wparsons@hq-law.com.

**NO INQUIRES SHOULD BE DIRECTED TO THE COURT.**

Dated: _____  BY ORDER OF THE COURT
Clerk of the Court