IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

JERRY A. BRABAZON, individually
and on behalf of all others similarly
situated,

          Plaintiff,

      v.                                       Case No. 10-CV-714

AURORA HEALTH CARE, INC.,
          Defendant.

## FINAL ORDER APPROVING CLASS ACTION SETTLEMENT

On October 25, 2011 at 10:00a.m., a hearing was held on the Parties'

motion for final approval of the class settlement of this action ("Settlement").

Class Counsel appeared for the Plaintiffs, Hawks Quindel, Defendant

appeared by counsel, Quarles & Brady, LLP.

Having received and considered the Settlement Agreement, the

supporting papers filed by the Parties, and the evidence and argument

received by the Court at the final approval hearing, by means of this order

(the "Final Approval Order"), the Court grants final approval to the

Settlement, and HEREBY ORDERS and MAKES DETERMINATIONS as

follows:

      1.      Except as otherwise specified herein, the Court for purposes of

this Final Approval Order adopts all defined terms set forth in the

Settlement Agreement as modified by the Joint Motion for Final Approval and referenced in paragraph 11 of this Order.

2.    This Court has jurisdiction over the subject matter of this litigation and all related matters and all state and federal claims raised in this action and released in the Settlement, and personal jurisdiction over Defendant and all class members.  Specifically, this Court has federal question jurisdiction over this action pursuant to 28 U.S.C. section 1331; section 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).

3.    This Court, pursuant to 28 U.S.C. section 1332(d) has original jurisdiction and, also has supplemental jurisdiction pursuant to 28 U.S.C. section 1367, over all state-law claims asserted by plaintiffs because the state-law claims derive from a common nucleus of operative fact and form part of the same case or controversy as those claims over which the Court has primary jurisdiction.

4.    Pursuant to the Preliminary Approval Order, a Notice of Settlement and Claim Form were sent to the Settlement Class Members. These papers informed class members of the terms of the Settlement, their right to claim a share of the settlement proceeds, their right to object to the Settlement or to elect not to participate in the Settlement and pursue their own remedies, and their right to appear in person or by counsel at the final approval hearing and be heard regarding approval of the Settlement.  Class Counsel also established a website posting these documents and notices.  The

Settlement Notice was provided with ample time for the class members to follow these procedures.

5.    The Court finds and determines that this notice procedure afforded adequate protections to class members and provides the basis for the Court to make an informed decision regarding approval of the Settlement based on the responses of class members.  Notice was accomplished in all material respects in the manner prescribed by the Settlement Agreement and Preliminary Approval Order.  The Court finds and determines that the notice provided in this case was the best notice practicable, which satisfied the requirements of law and due process, including but not limited to the requirements of Federal Rule of Civil Procedure 23 ("Rule 23"), the Fair Labor Standards Act, the United States Constitution, and any other applicable law.

6.    Pursuant to Rule 23(e), the Court further finds and determines that (a) the terms of the Settlement are fair, reasonable, and adequate to the Settlement Class and to each class member, (b) 4 of the class members have opted out of the Settlement, (c) no class members have objected to the Settlement, (d) the Settlement ordered is finally approved, and (e) all terms and provisions of the Settlement should be and hereby are ordered to be consummated.  The Court specifically finds that the Settlement is rationally related to the strength of Plaintiff's claims given the risk, expense, complexity, and duration of further litigation.  The Court also finds that the

Settlement is the result of arms-length negotiations between experienced counsel representing the interests of the Settlement Class and Defendant, after thorough factual and legal investigation.

7.      The Court finds and determines that the payments to be made to the class members as provided for in the Settlement Agreement are fair and reasonable.  The proposed plan of allocation is rationally related to the relative strengths of the respective claims asserted. The Court hereby gives final approval to and orders the payment of those amounts be made to the Authorized Claimants out of the $480,000 Gross Settlement Fund in accordance with the terms of the Settlement Agreement.

8.      The Court approves the award of a Service Payment to Plaintiff Jerry Brabazon in the amount of $15,000.00 as fair and reasonable based on the applicable precedent from the United States Supreme Court and the Seventh Circuit Court of Appeals.

9.      The Court approves Class Counsel's petition for costs and attorneys' fees and finds that an award of attorneys' fees in the amount of $170,000, inclusive of all costs is appropriate based on Rule 23 and applicable precedent from the United States Supreme Court and the Seventh Circuit Court of Appeals.

10.     The Court finds that all members of the Settlement Class who have either: (a) sent a timely Claim Form; or (b) failed to send a timely Claim

Form or Request for Exclusion have Released Claims as set forth in the Settlement Agreement.

11.     The Court approves the Notice to be mailed to Randy Cash, Chad Cooper, Geneta Kopatich, in the form attached as Exhibit A to the parties' Joint Motion for Final Approval of Class Action Settlement, and that these individuals shall have 30 days from mailing of the Notice to participate in the Settlement, exclude themselves from the Settlement, or object to the Settlement. If any objection is filed during this 30 day period, the Court will set a hearing for that objection to be heard.

12.     In conjunction with this Final Approval Order, this Court hereby enters final judgment in this action.

13.     Without affecting the finality of the Court's judgment in any way, the Court retains jurisdiction over this matter for purposes of resolving issues relating to interpretation, administration, implementation, effectuation and enforcement of the Settlement Agreement.

14.     The Parties are hereby ordered to comply with the terms of, and effectuate, the Settlement Agreement.

15.     This action is dismissed with prejudice, each side to bear its own costs and attorneys' fees except as provided by the Settlement Agreement and the Court's orders.

**IT IS SO ORDERED.**

Entered this _____ day of October, 2011.

_____

J.P. Stadtmueller
UNITED STATES DISTRICT COURT
JUDGE